FAILEY v. TALBEE et al.

(Circuit Court, D. Rhode Island. May 27, 1893.)

No. 2,380.

1. EQUITY JURISDICTION—RECEIVERS—POWER TO COLLECT FUNDS IN FOREIGN JURISDICTIONS.

Where a court of competent jurisdiction has, by the appointment of a receiver, assumed the administration of the funds of an insolvent benevolent association, it is competent for a court of equity in another state, on a bill filed for that purpose by such receiver, to order the trustees of the local branch of such association to pay over the funds in their hands to the receiver.

2. SAME—BENEVOLENT ORDERS—REGULATIONS.

It is no objection to making such an order that the fund in question constitutes a reserve fund which, by the rules of the association, the central authority could only call in at certain times and for certain purposes, and not for the general purpose of liquidating the whole trust fund; for while the rules of the association may impress different parts of its funds with different equities, yet its rules as to the manner of ascertaining and marshaling these equities are abrogated when it becomes insolvent and is placed in the hands of a receiver; and the methods of the court are then substituted for the methods provided by such rules.

3. PLEADING—DEMURRER.

Although the bill filed by the receiver in such case does not set out the proceedings of the court in which he was appointed, for which reason it is impossible to determine the scope of the decree entered in that court, or whether the receiver is entitled thereunder to fully administer the whole trust, a demurrer to the bill will be overruled, as the matters in question can be made to appear by evidence at a hearing on the merits.

4. SAME.

The safe rule on a general demurrer to a bill in equity is that the demurrer must be overruled unless it appears that on no possible state of the evidence could a decree be made.

In Equity. Bill by James F. Failey, receiver of the Supreme Sitting of the Order of the Iron Hall, against Henry C. Talbee

and others, to gain possession of certain funds of the order. On demurrer to the bill. Overruled.

W. F. Angell and G. B. Barrows, for complainant.

E. D. McGuinness and W. B. W. Hallett, for respondents.

CARPENTER, District Judge. This is a bill in equity in which the complainant, who has been appointed by the superior court of Marion county, Ind., receiver of all the assets of the corporation called the "Supreme Sitting of the Order of the Iron Hall," prays that the respondents, who are trustees of the branches of that society situated in this state, may pay over to him the money held by them as the reserve fund; the same to be held and disposed of by him according to the instructions of the court by which he was appointed. The respondents demur generally to the bill, and as the first ground of their argument maintain that it is not competent for this court to make a decree ordering the payment of these sums of money into the hands of a receiver appointed and controlled by another jurisdiction. I think, however, it is abundantly well settled that where a court having proper jurisdiction has assumed the control and administration of a trust like this, and where it appears that the funds to which the litigation relates are properly part of the fund so to be administered, and will be properly administered, in such case it is competent to order the funds to be paid over.

The respondents, however, further contend that the moneys here in dispute do not belong to or form a part of the fund to be administered under the order of the court in Indiana; and they refer me to the first section of the second law of the Supreme Sitting, which has reference to the reserve fund, and which provides that the same "is the property of the Supreme Sitting, and shall be subject to its control at all times, as hereinafter provided." The argument, then, is that, according to this law, the Supreme Sitting can call for the reserve fund only at certain times and for certain purposes, and therefore the receiver can call it in only at those times and for those purposes, and not for the general purpose of liquidating the whole trust fund. This argument, I think, rests on a misapprehension of the effect of the laws of the society. They undoubtedly do impress upon the funds the character of trust funds, and perhaps affect different parts of the fund with different equities; but as to the time and manner of ascertaining and marshaling these equities, and as to the method of administration of the fund accordingly, they must be taken to be abrogated in the case where, as this bill alleges, the society is insolvent. The methods of the court are now to be substituted for the methods provided by the laws.

Coming, then, to consider whether the rights of the parties in this case will be best promoted by such a decree as the complainant prays, I find it impossible to determine from the bill itself what answer shall be given to this question. The bill alleges,

but does not set out, the proceedings on which the decree of the Indiana court is based, and I cannot, therefore, determine certainly what the scope of that decree is, and whether the receiver who holds thereunder can fully administer the whole trust which is here disclosed. Still further, the method of his proceedings may be controlled by the state laws of Indiana, of which the court takes notice, but perhaps takes notice only as a matter of evidence, and which, therefore, cannot be taken into account in a hearing on a general demurrer.

There are still other questions of the relative rights of various members of this society which were suggested by the respondents at the hearing, and which, so far as I can see, can be rightly solved only after full knowledge of all the facts regarding the history of these payments, and the disposition which has been heretofore made of such parts of the funds as are no longer in the hands of the society. These facts can be made to appear only by the evidence in the cause. The safe rule on a general demurrer to a bill in equity is that the demurrer must be overruled unless it appears that on no possible state of the evidence could a decree be made. It seems to me that no such conclusion can be reached in this case; in short, it seems to me that the questions suggested by the bill, as well as the questions suggested by the respondents themselves in their argument, can be solved only after a full hearing of the cause on bill, answer, and proofs.

The demurrer must therefore be overruled.