### HOWARTH v. ELLWANGER. SAME v. KENT. SAME v. WOODWORTH.

(Circuit Court, N. D. New York. March 31, 1898.)

Nos. 3,211-3,213.

1. BANKS AND BANKING—LIABILITY OF STOCKHOLDERS—SUIT BY RECEIVER.
   Under the constitution and statutes of Washington, which provide: "That each stockholder of any banking * * * association shall be individually and personally liable, equally and ratably, and not one for another, for all the contracts, debts and engagements of such corporation or association accruing while they remain stockholders to the extent of the amount of their stock therein, at the par value thereof, in addition to the amount invested in such shares,"—an action to enforce such liability may be maintained by a receiver.

2. SAME—LEVY OF ASSESSMENT.
   The orders and decrees of the superior court of Washington in appointing a receiver of an insolvent state bank, ascertaining the deficiency, and directing an assessment on the stockholders, are binding on stockholders who are not parties to the proceedings.

At Law. Tried by the court.

These actions are brought against the defendants who were stockholders of the Traders' Bank of Tacoma, Wash., to enforce a liability created by the law of that state making them individually responsible equally and ratably to the extent of their stock for all debts of the bank while they remained stockholders. The plaintiff is a citizen of Washington residing at Tacoma. The defendants are citizens of New York residing at Rochester. On the 19th day of May, 1894, the plaintiff was appointed receiver of the Traders' Bank by an order of the superior court of Washington made in an action commenced against said bank by Henry Hewett, Jr., and George Browne in which it was adjudged that the bank had suspended business and was insolvent. The plaintiff duly qualified as receiver and has since acted as such. On the 12th of September, 1894, the court made an order in said action permitting certain stockholders to intervene for the benefit of themselves and all other stockholders of the bank. On the 20th of October all the defendants, except Chauncey B. Woodworth, were by order of the court upon their own petition made parties to the said action. After applying all the property of the bank to the payment of its debts there remained a deficiency, which, on March 17, 1897, was adjusted and adjudged by the court to be the sum of $131,670. The plaintiff was thereupon directed by the court to levy upon the stockholders an assessment of 26.34 per cent. and bring suit against those stockholders who, after demand, refused to pay. The amounts assessed against the defendants respectively were duly demanded and payment thereof refused.

P. M. French, for plaintiff.
Charles M. Williams, for defendant Ellwanger.
M. H. McMath, for defendant Kent.
William F. Cogswell, for defendant Woodworth.

COXE, District Judge. It is not disputed that the defendants were stockholders of the Traders' Bank, that the bank became insolvent, that the plaintiff was appointed receiver, that a large deficiency was ascertained, that an assessment was levied by the receiver upon

the defendants and that all this was done under and pursuant to the constitution and laws of Washington and in conformity to the orders and decrees of the superior court of that state.

The first proposition argued by the defendants is that the plaintiff, as receiver, is not entitled to maintain the action. The constitution and statutes of Washington (Const. art. 12, § 11) provide:

"That each stockholder of any banking * * * association shall be individually and personally liable, equally and ratably, and not one for another, for all the contracts, debts and engagements of such corporation or association accruing while they remain stockholders to the extent of the amount of their stock therein, at the par value thereof, in addition to the amount invested in such shares."

The courts of Washington have decided that this liability can only be enforced by a receiver under the direction of the court. Cole v. Railroad Co., 9 Wash. 487, 37 Pac. 700; Wilson v. Book, 13 Wash. 676, 43 Pac. 939; Hardin v. Sweeney, 14 Wash. 129, 44 Pac. 138; Watterson v. Masterson, 15 Wash. 511, 46 Pac. 1041. The practical effect of a ruling that a receiver cannot maintain the suit would be to render the law nugatory as to all but resident stockholders. The Washington courts having ruled that a receiver only can bring the suit, it is manifest, should the federal courts and other state courts hold that he cannot maintain the action, that the defendants not only but all stockholders beyond the jurisdiction of the Washington courts will escape a liability intended to be uniform and for the benefit of all the creditors. The precise question was involved in Sheafe v. Larimer, 79 Fed. 921, and was answered adversely to the defendants' contention. The case arose under the same law, and, upon the facts, was almost identical with the case in hand. See, also, Schultz v. Insurance Co., 77 Fed. 375, 387; Avery v. Trust Co., 72 Fed. 700; Failey v. Talbee, 55 Fed. 892.

Again it is argued that the orders and decrees of the Washington court were not binding upon the defendants, and in support of this view various alleged defects in the proceedings are pointed out. The defendants Kent and Ellwanger were parties to the Washington action and are therefore in no position to attack the judgment of the court in a collateral proceeding. The defendant Woodworth was not a party. But whether parties or not the law seems clear that the stockholders are bound by the order making the assessment. Hawkins v. Glenn, 131 U. S. 319, 9 Sup. Ct. 739. In Sheafe v. Larimer, supra, the court says:

"In this case it must be held that it is not open to the defendant to question the validity of the assessment order, on the ground that the stockholders were not personally notified of the application for the order, or for the reason that the stockholders should not have been assessed until the other assets of the corporation had been wholly exhausted."

The actions are not barred by the statute of limitations for the reason that the cause of action did not accrue to the receiver prior to the assessment and that was not made until March 17, 1897. The actions were commenced two months thereafter.

It follows that the plaintiff is entitled to judgment as demanded in the complaints, respectively, with interest at the rate of 6 per cent. per annum from May 18, 1897, and costs.