STATE NAT. BANK OF CLEVELAND, OHIO, v. SAYWARD et al.

(Circuit Court, D. Massachusetts.    March 8, 1898.)

No. 756.

1. JURISDICTION—FOREIGN CORPORATION—ACTION AGAINST STOCKHOLDER.
   A suit in equity may be maintained by a creditor of a corporation against a stockholder only in the courts of the state in which the corporation is created.

2. ACTION AGAINST STOCKHOLDER—DEMURRER.
   In an action by a creditor of an insolvent Ohio corporation against a stockholder to enforce his liability under the laws of Ohio, the corporation is a necessary party defendant, and a demurrer on that ground will be sustained.

This was a bill in equity by the State National Bank of Cleveland, Ohio, against Samuel Sayward and others, to enforce the stockholders' liability.

Russell & Putnam, for complainant.
W. B. French, for defendant Geo. Linder.
Chas. A. Drew, for defendant John F. Annable.
Chas. D. Adams, for defendant Geo. F. Reed.

COLT, Circuit Judge.    This bill is brought by a creditor of an Ohio corporation against certain stockholders, residents of Massachusetts, praying that said stockholders may be ordered to pay to the complainant a sum equal to the par value of their stock, or so much thereof as may be necessary to satisfy the claim of the complainant, in accordance with the provisions of the statutes of Ohio.    A bill in equity cannot be maintained by a creditor to enforce the liability of a stockholder in a corporation organized under the laws of another state. In Post v. Railroad Co., 144 Mass. 341, 345, 11 N. E. 546, Chief Justice Field said:

"This court does not take jurisdiction of a suit to enforce the liability of stockholders in a foreign corporation, not because it would be a suit to enforce a penalty, or a suit opposed to the policy of our laws, but because it is a suit against a foreign corporation which involves the relation between it and its stockholders, and in which complete justice can only be done by the courts of the jurisdiction where the corporation was created. * * * If an assessment is to be laid upon the members or stockholders, or a contribution enforced from them, according to the law of the state under which the corporation is created, the courts of that state alone can afford complete and effectual judicial relief."

There is another ground upon which the demurrer in this case is well taken, namely, that the Ohio corporation is a necessary party. The supreme court of Ohio has held that in suits of this character the corporation "ought to have been made a party."    Umstead v. Buskirk, 17 Ohio St. 113, 118.    Demurrers sustained.