## MECHANICS' SAV. BANK v. FIDELITY INSURANCE, TRUST & SAFE-DEPOSIT CO.

(Circuit Court, E. D. Pennsylvania. May 7, 1898.)

### No. 58.

1. INDIVIDUAL LIABILITY OF STOCKHOLDER — KANSAS STATUTE — REMEDY OF CREDITOR.

Const. Kan. art. 12, § 2, provides that dues from corporations shall be secured by individual liability of the stockholders to an additional amount equal to the stock owned by each stockholder. Comp. Laws Kan. p. 221, § 32, provides that, if no property of a corporation can be found upon which an execution can be levied, the court in which the action or proceeding shall have been brought may, upon motion, after reasonable notice, order execution against any stockholder for an amount equal to his stock and the amount unpaid thereon, or the execution plaintiff may proceed by action to charge the stockholders with the amount of his judgment. *Held,* that an action at law by a single judgment creditor lies against a single stockholder to enforce such liability.

2. SAME—FOR THE INDEBTEDNESS OR TO THE CREDITOR—RIGHT TO ENFORCE.

Where the liability of a stockholder is directly to the creditor, and not simply for the indebtedness of the corporation, the right to enforce it is in the creditor, and not in the corporation or its receiver.

3. SAME—DEATH OF STOCKHOLDER—LIABILITY OF ESTATE.

The contingent liability of a stockholder to creditors of a Kansas corporation does not abate upon his death, and, upon the happening of the event which renders the liability absolute, his estate becomes chargeable therewith.

4. SAME—ACTION TO ENFORCE—INDEBTEDNESS OF CORPORATION TO STOCKHOLDER—SET-OFF.

In an action against a stockholder of an insolvent Kansas corporation to enforce his stock liability, he cannot set off against such liability an unmatured indebtedness of the corporation to himself.

This was an action at law by the Mechanics' Savings Bank, a Rhode Island corporation, against the Fidelity Insurance, Trust & Safe-Deposit Company, a Pennsylvania corporation, as administrator d. b. n. c. t. a. of the estate of John G. Reading, deceased. Reading was a stockholder in the Davidson Investment Company, a corporation organized under the laws of Kansas, and the suit was brought to enforce the stock liability of his estate under the Kansas laws. Verdict was given for defendant, and the case is now heard on plaintiff's motion for a new trial.

Russell Duane, for plaintiff.

Richard C. Dale, for defendant.

DALLAS, Circuit Judge. Section 2 of article 12 of the constitution of the state of Kansas is as follows:

"Dues from corporations shall be secured by individual liability of the stockholders to an additional amount equal to the stock owned by each stockholder; and such other means as shall be provided by law; but such individual liabilities shall not apply to railroad corporations, nor corporations for religious or charitable purposes."

Chapter 23, p. 221, of the Compiled Laws of Kansas comprises the following:

"Sec. 32. If any execution shall have been issued against the property or effects of a corporation except a railway or a religious or charitable corporation, and there cannot be found any property whereon to levy such execution, then execution may be issued against any of the stockholders, to an extent equal in amount to the amount of stock by him or her owned, together with any amount unpaid thereon; but no execution shall issue against any stockholder, except upon an order of the court in which the action, suit or other proceeding shall have been brought or instituted, made upon motion in open court, after reasonable notice in writing to the person or persons sought to be charged; and, upon such motion, such court may order execution to issue accordingly; or the plaintiff in the execution may proceed by action to charge the stockholders with the amount of his judgment."

The plaintiff, having obtained a judgment in a court of the state of Kansas against the Davidson Investment Company, a corporation of that state, upon which execution was issued, and return made that no property could be found whereon to levy, brought this action to enforce the stockholders' liability averred to have devolved upon the defendant under the above constitutional and statutory provisions. The principal question in the case is: Does an action at law by a single judgment creditor lie against a single

stockholder by virtue of these provisions? This question is, in my opinion, simply and solely one of construction. If the liability created is not to the creditors, but for the indebtedness, such an action cannot be upheld; but, if the liability created be directly to the creditor, it must be. While in Patterson v. Lynde, 106 U. S. 519, 1 Sup. Ct. 432, the supreme court, referring to this distinction, has held that an action of this kind is not maintainable under a provision of the constitution of Oregon that "the stockholders of all corporations and joint-stock companies shall be liable for the indebtedness of said corporation to the amount of their stock subscribed and unpaid, and no more" (article 12, § 3), that court has also decided, in Flash v. Conn, 109 U. S. 371, 3 Sup. Ct. 263, that an individual creditor can sustain a suit at law against a single stockholder where the statute by which the stockholder's liability was created is in these terms: "All the stockholders of every company shall be severally and individually liable to the creditors of the company to an amount equal to the amount of stock held by them respectively." In each of these cases, it will be observed, the language for consideration was free from ambiguity, and was, in the one case and in the other, so plainly different as necessarily to lead to the difference in decision which resulted. Unfortunately, the meaning of the provisions with which this court is now required to deal is not so clearly obvious. The Kansas constitution does not define the liability which it imposes, nor direct how that liability shall be enforced. It seems to have been contemplated that this omission would be met by legislation, and, accordingly, there was enacted the statutory provision which is copied at the head of this opinion. Neither does that enactment expressly describe the nature of the stockholders' liability, but in prescribing the manner of its enforcement it does, I think, clearly disclose that the liability created was to constitute an obligation directly to creditors, and not one to be enforced by or through the corporation itself. The remedy provided is twofold and alternative. A plaintiff who has obtained a judgment against an insolvent corporation may either issue execution against any of the stockholders, or he may proceed by action to charge them with the amount of his judgment. In either case the plaintiff, not the corporation, is to be the actor, and in each the proceeding authorized is one in which stockholders only are to be defendants. As was said in Howell v. Manglesdorf, 33 Kan. 194, 5 Pac. 759, "The proceeding against the stockholder, whatever remedy may be employed, is an independent one;" and, as was also indicated in that case, the purpose of the final clause of this section was to give to a creditor of an insolvent corporation a remedy against stockholders residing in a state other than Kansas, which should be substantially the same as that which was provided by the first part of the section, but which could be made effective only against stockholders subject to the jurisdiction of the courts of that state. As respects both classes of stockholders the liability was intended to be the same, and a double remedy was supplied only for the purpose of assuring means for the enforcement of that liability in all cases. The proceeding by

action, it has been held, may be brought by a single creditor against a single stockholder, and is transitory. This appears to have been settled by the decisions of the supreme court of Kansas. It is objected that upon these points these decisions were obiter dicta, and not authoritative; but they appear to have received full consideration by the Kansas court, and its opinion is at least entitled to great weight. Bank v. Whitman, 76 Fed. 697. If, however, I entertained a doubt as to the propriety of following that court, I would feel constrained to do so, because its views have been acquiesced in and adopted by several of the federal courts. Howell v. Manglesdorf, supra; Bank v. Rindge, 57 Fed. 279; Rhodes v. Bank, 13 C. C. A. 612, 66 Fed. 512; McVickar v. Jones, 70 Fed. 754; Bank v. Whitman, 76 Fed. 697, and, in error, sub nom. Whitman v. Bank, 28 C. C. A. 404, 83 Fed. 288. The case of Ball v. Reese (Kan. Sup.) 50 Pac. 875, has been referred to as showing that the proceeding should be in equity, and against stockholders generally. The report is very meager; it contains nothing but the opinion of the court. It does, however, appear that there were several stockholders included in that proceeding; but I am informed by plaintiff's counsel that he has examined a certified copy of the record, which shows that the motions as to the stockholders were "by consent of all parties * * * consolidated and considered as one action, consolidated and tried as one case." It need hardly be said that in dealing with the cases before it in pursuance of the agreement thus indicated the court decided nothing whatever as to whether, in the absence of such an arrangement, the joinder of several stockholders as defendants would have been necessary or even proper. It follows, I think, from what has been already said, that the fact that a receiver of the Davidson Investment Company was appointed on March 30, 1893, is immaterial. Sterne v. Atherton (Kan. App.) 51 Pac. 791. If, as has been seen, the liability in question is directly from the stockholder to the creditor, the creditor only, and not the corporation, or its receiver, is the person entitled to enforce it. The claim is not an asset of the corporation, and therefore the receiver could not sue for its recovery.

John G. Reading was the owner of the shares in question at the time of his death. He died before the plaintiff's judgment against the corporation was obtained. After Reading's death, the certificates for these shares were taken into the possession of the defendant, as administrator of his estate, but they still stand in the name of John G. Reading. The defendant contends that, under these circumstances, even if an action such as this might have been maintained against John G. Reading if he were still living, it cannot be maintained against his legal representatives. I have examined the authorities cited to maintain this proposition, but am unable to perceive that they support it. In my opinion, the contingent liability incurred by Reading when he became a stockholder did not abate upon his death, but survived; and that, upon the happening of the event which rendered that liability absolute, his estate became chargeable therewith. White's Ex'rs v. Com., 39

Pa. St. 167; Stumpf's Appeal, 116 Pa. St. 33, 8 Atl. 866; Bailey v. Hollister, 26 N. Y. 116; Chase v. Lord, 77 N. Y. 1; Richmond v. Irons, 121 U. S. 27, 7 Sup. Ct. 788.

Defendant, as administrator of the estate of John G. Reading, holds bonds of the Davidson Investment Company to the aggregate principal amount of $15,000. The indebtedness evidenced by these bonds it seeks to set off in this action. I am of opinion that this cannot be done. The bonds will not be due until 1899. Therefore the proposal is to set off against a matured liability an indebtedness which is not now demandable, unless, as is contended, the defendant, by accepting a part payment of $19 on each bond, elected to treat the principal of the bonds as presently due. But I cannot acquiesce in this contention. When the payment relied upon was made and accepted, there was interest due to an amount greater than the sum of such payment. Therefore, to interest, and not to principal, that payment must be applied. Moreover, the debt sought to be set off is not that of the plaintiff, but of the Davidson Investment Company, and consequently cannot be asserted against the former. The defendant, who, of course, could not maintain an action against the plaintiff for its recovery, is not entitled, by setting it up as a counterclaim, to compel it to effect its liquidation. I have carefully examined the case of Musgrave v. Association, 49 Pac. 338, but the action of the court of appeals of Kansas in that case does not shake my confidence in the views I have expressed. The third paragraph of the syllabus, which is stated to have been prepared by the court, is in these words:

"Where 'the stockholder against whom proceedings are had to enforce the payment of his stock liability is himself a creditor of the insolvent corporation, he will be allowed, in equity, to plead the indebtedness of the corporation to himself as a set-off against his liability to other creditors."

I understand that in Kansas equitable defenses may be interposed in all cases; and the opinion of the majority of the court indicates, in accordance with the statement in the syllabus, that the view entertained in this case was that a stockholder had an equitable right to appropriate his individual liability to the satisfaction of an indebtedness of the corporation to himself; in other words, the defense was sustained as an equitable one; but upon the common-law side of a court of the United States this may not be done. Aside from this, however, the judgment in Musgrave v. Association is one which I am not called upon to follow. It does not accord with my understanding of the law. It was not founded upon a construction of the constitution or of a statute of Kansas, or upon any principle of law which is peculiar to that state. The decision was not a unanimous one, and the court by which it was rendered is not a court of last resort. The plaintiff's motion for a new trial is granted.