## HALE v. HARDON.

(Circuit Court, D. Massachusetts. September 13, 1898.)

### No. 685.

1. INSOLVENT CORPORATIONS—LIABILITY OF STOCKHOLDER—RIGHT OF RECEIVER TO SUE AT LAW.

   The fact that a receiver is appointed in a suit in equity by a state court does not preclude a federal court from entertaining an action at law by such receiver against a stockholder, where the amount of defendant's liability is fixed, and no accounting is necessary.

2. SAME—STATUTORY PROCEEDINGS AGAINST STOCKHOLDERS—RECEIVERS.

   A so-called receiver appointed by a state court in proceedings by creditors against an insolvent corporation and its stockholders under a state statute for the purpose of enforcing liability of the stockholders, where in a prior proceeding still pending all the assets of the corporation had been sequestered and placed in the hands of a receiver for distribution, is but a master in chancery appointed for the purposes of the litigation, and is vested with none of the rights or assets of the corporation; and he cannot, as such so-called receiver, maintain an action in another jurisdiction against a stockholder.

3. SAME—VALIDITY AS AGAINST NONRESIDENT STOCKHOLDERS.

   The proceeding in this case under the state statute by creditors of an insolvent corporation, against the corporation and its stockholders, to enforce statutory liability of the stockholders, was litigious in its nature, and coram non judice as to a nonresident stockholder, and cannot be made the basis of an action against him in another jurisdiction.

This was an action by plaintiff, as receiver, to enforce defendant's statutory liability as a stockholder of a Minnesota corporation.

H. M. Boutelle and J. C. Coombs, for plaintiff.

Nichols & Cobb, for defendant.

PUTNAM, Circuit Judge. This suit was brought by the plaintiff, describing himself as receiver, and in his capacity as receiver, against the defendant, who is admitted to be a stockholder of the Northwestern Guaranty Loan Company, a corporation organized under the laws of Minnesota, to recover of the defendant, as such stockholder, an amount equal to the par of his stock, in accordance with the liability imposed on the stockholders of corporations of this class by the constitution and statutes of Minnesota. The declaration sets out that on the 20th day of May, 1893, the Northwestern Guaranty Loan Company was insolvent, and that on the same day, on proceedings duly instituted in a local court of Minnesota, it was so adjudged, and a receiver therefor was appointed, which receiver, it is alleged, was "invested with, all and several, the rights, assets, properties of every kind and description, wheresoever situate, of said corporation," "all under and in accordance with certain statutes of Minnesota" which are set out. It is further alleged that this receiver duly qualified, and has ever since continued, and at the time of the filing of the declaration was still acting, as such. It is to be noted that the receiver appointed on the adjudication of insolvency is not the plaintiff at the case at bar, and that he was vested by the court with all the usual powers of trustees appointed to wind up insolvent corporations, and with all the assets of the corporation, and was authorized to adjust and

close its affairs. The declaration further alleges that a judgment was duly obtained against the Northwestern Guaranty Loan Company, on which an execution was returned unsatisfied; that afterwards the creditor in that judgment, in behalf of himself and all other creditors of the corporation, commenced a suit in a local court of Minnesota against it, and against "all and several the stockholders therein at the time of said adjudication of insolvency as aforesaid, for the purpose of enforcing and collecting the liability of stockholders provided by the laws of the state of Minnesota"; that process was served on the corporation and on the stockholders resident within the state; and that on the 8th day of February, 1897, a final decree was rendered in behalf of the plaintiff and the intervening creditors against the defendants, which decree is substantially set out in the declaration, as follows:

"First. The several sums due and owing to said several creditors by the defendant Northwestern Guaranty Loan Company, which said indebtedness, as therein adjudged and decreed, aggregated three million three hundred and seven thousand three hundred and ninety-four and $34/100$ dollars. Second. That the value of the total assets and properties of said Northwestern Guaranty Loan Company in any wise applicable to the payment of such indebtedness was four hundred and fifty thousand dollars, and no more. Third. That the total capital stock issued by said Northwestern Guaranty Loan Company, all of which said stock was issued and outstanding at the time of the contracting of the said indebtedness, and the date of adjudication of the insolvency of said Northwestern Guaranty Loan Company, to wit, May 20, 1893, was twelve thousand five hundred shares, of the par value of one hundred dollars per share." "Fifth. That each of said stockholders was liable upon such stock, to said creditors therein ascertained, for an amount equal to the par value of the stock held by him. Sixth. That plaintiff and said intervening creditors, so ascertained, recover, accordingly, from each of the several stockholder defendants within said state of Minnesota, a sum equal to the par value of the stock held by such stockholder. Seventh. That W. E. Hale be appointed receiver for collecting and enforcing, for and in behalf of said ascertained creditors, said judgments against such Minnesota stockholders, and for the purpose of collection, by such proceedings as might be proper, the liability of nonresident stockholders of said Northwestern Guaranty Loan Company, over whom the court, by reason of nonresidence, had not acquired jurisdiction for purpose of rendering personal judgment. Eighth. That said funds, so collected, be held by said receiver for the purpose of equal and pro rata distribution amongst said ascertained creditors, and subject to the further order of the court. Ninth. That the court retain jurisdiction of said cause for the purpose of making such other and further orders and decrees in the matter of distribution as might be necessary to protect the rights of the several creditors in the premises."

In order to thoroughly understand the case, it is necessary to observe—First, that there has been no dissolution of the corporation, and therefore no possibility of the vesting of its assets in any person or corporation as its successor in law; and, second, that by virtue of the insolvency proceedings in the first suit the title to all the assets of the corporation passed by an assignment, or quasi assignment, to the receiver named in that suit, who is in effect a trustee, and who is no party to the present litigation; and, third, that the suit in which the present plaintiff was appointed a so-called receiver related entirely to enforcing the liability of the stockholders, and in no way superseded the insolvency proceedings, or affected the title of the receiver previously appointed.

The nature of the second proceeding will be better understood on an examination of the constitutional and statutory provisions applicable to the case, although the latter are exceedingly crude and obscure. This fact has rendered the administration of the statute so complicated—as shown by Harper v. Carroll (Minn.) 69 N. W. 610, 1069, and Hanson v. Davison (Minn.) 76 N. W. 254, and by other decisions in Minnesota—so as to make it very difficult, if not practically impossible, for any foreign judicial tribunal to work out fragmentary proceedings in reference thereto. The constitution (article 10, § 3) provides as follows:

"Each stockholder in any corporation (excepting those organized for the purpose of carrying on any kind of manufacturing or mechanical business) shall be liable to the amount of stock held or owned by him."

The only provisions found in the statutes of Minnesota for enforcing this liability are contained in Gen. St. 1894, c. 76, §§ 5905–5911, which, except section 5911, which is unimportant in this case, are as follows:

"Sec. 5905. Whenever any creditor of a corporation seeks to charge the directors, trustees, or other superintending officers of such corporation, or the stockholders thereof, on account of any liability created by law, he may file his complaint for that purpose in any district court which possesses jurisdiction to enforce such liability.

"Sec. 5906. The court shall proceed thereon as in other cases, and, when necessary, shall cause an account to be taken of the property and debts due to and from such corporation, and shall appoint one or more receivers.

"Sec. 5907. If, on the coming in of the answer, or upon the taking of any such account, it appears that such corporation is insolvent, and that it has no property or effects to satisfy such creditors, the court may proceed, without appointing any receiver, to ascertain the respective liabilities of such directors and stockholders, and enforce the same by its judgment, as in other cases.

"Sec. 5908. Upon a final judgment in any such action to restrain a corporation, or against directors or stockholders, the court shall cause a just and fair distribution of the property of such corporation, and of the proceeds thereof, to be made among its creditors.

"Sec. 5909. In all cases in which the directors or other officers of a corporation, or the stockholders thereof, are made parties to an action in which a judgment is rendered, if the property of such corporation is insufficient to discharge its debts, the court shall proceed to compel each stockholder to pay in the amount due and remaining unpaid on the shares of stock held by him, or so much thereof as is necessary to satisfy the debts of the company.

"Sec. 5910. If the debts of the company remain unsatisfied, the court shall proceed to ascertain the respective liabilities of the directors or other officers, and of the stockholders, and to adjudge the amount payable by each, and enforce the judgment, as in other cases."

The proceeding in the local court of Minnesota instituted by virtue of these statutory provisions was evidently of an equitable character, analogous to a creditors' bill. Although the distinction between suits at law and in equity does not exist in Minnesota, yet it must be maintained in the federal courts; and therefore the first objection urged on us is that, as the proceedings were of an equitable nature, and the distinction between law and equity must be maintained in this court, we cannot take jurisdiction of anything which flows out of them. Of course, if the pending suit involved an accounting, or was in any way in the nature of a creditors' bill, it would clearly fall within Cattle Co. v. Frank, 148 U. S. 603, 13 Sup. Ct. 691, and the litigation would

necessarily be dismissed. This is also explained by Judge Colt in Bank v. Sayward, 86 Fed. 45. But the suit is at law, and therefore these considerations, which relate to a proceeding in equity, need not be followed further. On the other hand, it does not result that, because the parent proceeding was of an equitable nature, actions at law may not flow out of it. This was plainly shown in Hawkins v. Glenn, 131 U. S. 319, 9 Sup. Ct. 739. In that case a corporation organized under the laws of Virginia, becoming insolvent, assigned its assets to trustees. Afterwards, on appropriate proceedings in a chancery court in Virginia, the plaintiff, Glenn, was substituted as trustee to complete the execution of the purposes of the deed of assignment, and the court took entire jurisdiction of the trust. Hawkins, the plaintiff in error, had subscribed for a certain number of shares of the capital stock of the corporation, and by the terms of the subscription was subject to calls or assessments to the amount thereof; and in the course of the proceedings in the chancery court in Virginia an assessment was ordered on the shareholders in the same manner as a like assessment might have been ordered by the corporation if it had been a going concern. Hawkins not having paid his assessment, a suit at law was brought therefor by Glenn in the circuit court of the United States for the Eastern district of North Carolina. It was held that it could be maintained. This case has been several times affirmed and applied by the supreme court. Telegraph Co. v. Purdy, 162 U. S. 329, 336, 337, 16 Sup. Ct. 810. In Hawkins v. Glenn the amount of the stockholders' liability was fixed by the call or assessment, and did not in any way involve an accounting. So in the case at bar it is alleged that the gross amount of the liabilities of all the stockholders of the corporation in question would not pay the deficiency, so that the liability, if any, is for the full par of the defendant's stock. In this particular the case at bar is like Hawkins v. Glenn, and Casey v. Galli, 94 U. S. 673; and there is nothing in the record which would require the plaintiff to go into equity, if his claim be maintainable at all in this court. Therefore, if the proceedings in Minnesota had been in substance like those in Hawkins v. Glenn, and the title of the plaintiff in this case had been like that of Glenn, there would be no obstacle in now maintaining a suit at law, except, possibly, a technical difficulty which was not noticed in Hawkins v. Glenn, and which, perhaps, under the rules of pleading in North Carolina, could not have raised any question. We refer to the fact that in Hawkins v. Glenn suit was maintained in the name of the trustee, who was in fact an assignee, without any contention that it should have been brought in the name of the corporation itself. In Hawkins v. Glenn the liability sought to be enforced was for a call or assessment which could have been lawfully made by the corporation itself, to have been lawfully followed by a suit in its name. It is true, the assessment was laid by order of the court; but the proceeding at law was technically in behalf of the corporation, through its representative assignee or trustee. The rule of the case is best summed up in Telegraph Co. v. Purdy, at pages 336 and 337, 162 U. S., and page 810, 16 Sup. Ct. It was, in effect, that the court, acting through the trustee, had all the powers of the corporation to

make assessments on shareholders who had not fully paid for their shares; that the court, in making assessments, took the place and exercised the voice of the directors; and that such assessments, unless set aside by appropriate judicial proceedings, afford conclusive evidence of the necessity therefor, and to that extent bind every stockholder, even without personal notice to him. There is much else said in the opinion in Hawkins v. Glenn, but the real pith of the case, and the only proper conclusions which it contains, are as we have explained. In order to properly distinguish in one essential particular the class of cases represented by Hawkins v. Glenn from that at bar, it is well to read carefully what is said by Mr. Justice Gray, in behalf of the court, in Telegraph Co. v. Purdy, at page 337, 162 U. S., and page 813, 16 Sup. Ct., as follows:

"But the order [that is, the order making the assessments] was not, and did not purport to be, a judgment against any one. It did not undertake to determine the question whether any particular stockholder was or was not liable in any amount. It did not merge the cause of action of the company against any stockholder on his contract of subscription, nor deprive him of the right, when sued for an assessment, to rely on any defense which he might have to an action upon that contract."

But, before proceeding further, it is necessary to consider the condition of the law with reference to suits brought by so-called receivers in jurisdictions foreign to those where they were constituted. It must be confessed that the law on this topic is in a fluctuating condition, and yet there are landmarks of so decisive a character as to guide us in the present suit. There have been cited to us various decisions of the state courts and circuit courts pro and con, some of them entitled to very high consideration, on the one hand maintaining, and on the other hand refusing, jurisdiction. They deal, however, so largely in general terms, and some of them have paid so little heed to the distinctions which the supreme court has given for the guidance of the inferior federal tribunals, that we will not undertake to review them. We had occasion to consider this matter in our opinion passed down on January 30, 1896, in Avery v. Trust Co., 72 Fed. 700–702. There we pointed out the views expressed by the supreme court, and applied by it, in one direction, in Booth v. Clark, 17 How. 322, 331, and, in the other, in Relfe v. Rundle, 103 U. S. 222, in the following language:

"The result is that no one can maintain a suit at common law for this indebtedness, unless the plaintiff can do it. He is styled a 'receiver'; but he is, in substance, a trustee, appointed by the statutes and the courts to collect and distribute the assets of the corporation, and vested with the title to them. He is the successor of the corporation, so far as the statutes and the courts can make him such. If he were a mere receiver, in the ordinary sense of the word, the corporation would survive, and he could sue in a common-law court only in its name. This distinction must be kept in view, and was elaborately expounded in Booth v. Clark. 17 How. 322. The plaintiff resembles, in some respects, a new corporation into which an old one has been merged. In Relfe v. Rundle, 103 U. S. 222, 225, a receiver of the same character was described as the successor of the corporation, and it was there said that he was the corporation itself, for all the purposes of winding up its affairs."

In Relfe v. Rundle, not only did the receiver become entitled to all the assets of the corporation, but the corporation had been dissolved, and the receiver became its statutory successor,—the same, in substance, as a corporation formed by the consolidation of two prior corporations becomes successor of each, and is recognized as such in all jurisdictions. The supreme court was of the opinion that a so-called receiver of that character became, for all purposes, both at law and in equity, not only in substance, but technically, the successor of the dissolved corporation, so as to maintain suits of all kinds everywhere. On the other hand, in Booth v. Clark the ordinary receiver was described, at page 331, as a mere officer of the court, whose appointment was provisional. On the same page the court carefully pointed out the distinction between a receiver in whom no legal title vests, and "a standing assignee," and it adjudicated that such a receiver could not sue in any foreign jurisdiction for any portion of the property with relation to which the receivership was constituted. This was the very pith of the case. Booth v. Clark has never been overruled by the supreme court in this particular, and it seems conclusive on inferior federal tribunals. Even Relfe v. Rundle was careful, at page 225, to point out that the representative of the insolvent corporation in that case was not a mere receiver, but was a "statutory successor," "trustee of an express trust," and "in fact the corporation itself, for all the purposes of winding up its affairs." Booth v. Clark was followed in this circuit, in February, 1884, in Hazard v. Durant, 19 Fed. 471, 477. That case was heard and decided by Hon. John Lowell and Hon. Thomas L. Nelson, the opinion being delivered by the latter. Considering the distinguished character of these judges, the case must be regarded as of special weight. On this account it would perhaps have been sufficient for us to have referred to it as settling this case, and to have avoided this discussion; but in view of the claims, made in so many directions, that the rules with reference to this topic have lately been modified by such authoritative decisions that we would be justified in yielding to them, we deem it advisable to point out exactly the status in the supreme court. The result is that we find three classes of so-called receivers, which need to be distinguished with reference to the questions we are considering; and it is also necessary, for technical reasons, to make some distinctions between suits at equity and suits at law, which we need not exhibit at length in this connection. The various classes exhibited in the decisions of the supreme court are: First, those who are true successors in title, as in Relfe v. Rundle, ubi supra; and, second, those who have received by voluntary assignments, or by the force of titles acquired through involuntary proceedings in insolvency or otherwise, underlying support from the corporation itself, as in Hawkins v. Glenn and Telegraph Co. v. Purdy. Such persons are essentially assignees or trustees, and do not receive their titles from the court, in the proper sense of the expression, and this class may well include all those who are authorized to sue in the name of the corporation. The third are so-called receivers, like the commissioner in Hazard v. Durant, and the plaintiff in the suit at bar, who are nothing more

nor less tnan masters in chancery, appointed, as the hand of the court, to complete the incidents of the litigation. The status of the first class in foreign jurisdictions is settled by Relfe v. Rundle, and the status of the third class by Booth v. Clark; and it is the second class only as to which there can be any question in the federal courts, under the present condition of the decisions of the supreme court. As to the second class, that court, in Booth v. Clark, in the expression, at page 331, to which we have alluded, referring to "a standing assignee," left open an opportunity for the tendency found in the later decisions in the direction of mutual assistance between various courts in different jurisdictions. However, we need not further consider this, because we think the case at bar will plainly appear to be within the third class.

We have already shown that, in a proceeding prior to that in which the present plaintiff was appointed a so-called receiver, all the assets of the corporation were sequestered, and turned over for administration and distribution. This proceeding was of the character of the parent suit in Hawkins v. Glenn, ubi supra; and if, under the laws of Minnesota, a call or assessment could lawfully have been made therein, it is possible that, on the principles of Hawkins v. Glenn, it might have been enforced at law in this district, either in the name of the corporation itself in behalf of the so-called receiver, or by him in his own name. As was explained in our citation from Telegraph Co. v. Purdy, such a parent suit could not have been regarded as making an issue with the defendant in the case at bar, or as litigious, so far as he might be concerned. Its relations to him would have been simply incidental, as in Hawkins v. Glenn, and open to be contested at every point, as stated in the citation from Telegraph Co. v. Purdy. On the other hand, the second proceeding in Minnesota, in which the present plaintiff was made a so-called receiver, was brought, not only against the corporation, but also against the stockholders. as formal parties, for the sole purpose of enforcing their liability. The so-called receiver in that case succeeded to no assets of the corporation, and he was in no sense its assignee or trustee; but he was constituted the mere hand of the court, as an incident to the litigation, and for the purpose of working it out. Not only, therefore, was he of the third class of so-called receivers which we have described, but the whole was, from the beginning, litigious as against the stockholders; and as the defendant was not within the jurisdiction of the local court, the entire proceeding, including the determination of the amount of the debts of the corporation by the first paragraph of the decree which we have cited, the adjudication of liability according to the fifth paragraph, and the appointment of the plaintiff as a so-called receiver, was coram non judice, so far as this defendant was concerned. The expressions otherwise in Hanson v. Davison (Minn.) 76 N. W. 254, already cited. are not in harmony with the run of the adjudications of the federal courts. It follows—First, that the proceeding in which this plaintiff was appointed a so-called receiver is void, so far as this defendant is concerned; and, second, that the plaintiff is not of the class entitled to maintain a suit at law in a jurisdiction foreign to that which vested him with his office.

Our finding is general, but we will consider any special findings which may be seasonably submitted to us by either party; the same having been first exhibited to the other. The court finds that there must be a judgment for the defendant, with costs.