## HALE v. TYLER.

(Circuit Court, D. Massachusetts. July 25, 1900.)

### No. 877.

**1. CORPORATIONS—STATUTORY LIABILITY OF STOCKHOLDERS—RIGHT OF RECEIVER TO MAINTAIN ANCILLARY SUITS.**

A special receiver, appointed by a Minnesota court for that purpose, can maintain ancillary suits in a federal court of another jurisdiction to enforce the statutory liability of nonresident stockholders in an insolvent Minnesota corporation, notwithstanding the decision of the supreme judicial court of Massachusetts in Hayward v. Leeson, 57 N. E. 656.

**2. ACTION ON FOREIGN JUDGMENT.**

In an action on a judgment of a sister state, it is not necessary to show that service was had on the residents of such state.

**3. DEMURRER—ASSIGNMENT OF CAUSES.**

Assignments of causes of demurrer which relate purely to matters of form, and which do not directly point out the defects objected to, are insufficient.

4. PLEADING—SURPLUSAGE.
    Where the most important parts of an apparent surplusage in a plead-
    ing are mere matters of inducement, they will not be stricken out.

At Law.   On demurrer to declaration.

John C. Coombs and M. H. Boutelle, for plaintiff.
H. W. Chaplin and Charles Warner, for defendant.

PUTNAM, Circuit Judge.   The underlying subject-matter of this
suit is the same as that determined by the circuit court of appeals for
this circuit in Hale v. Hardon, 37 C. C. A. 240, 95 Fed. 747, in which
the opinion was passed down on May 31, 1899, reversing the judgment
of the circuit court for this district, whose opinion was passed down
on September 13, 1898, and is reported in 89 Fed. 283.   The present
case comes before the court on demurrer, containing, under the Massa-
chusetts practice, 40 different assignments of alleged defects in the
plaintiff's pleadings.

On examining the various assignments, we find that the majority
of them must be assumed to have been stated for the purpose of in-
ducing a reconsideration by the appellate tribunals, because, with
reference thereto, we find ourselves concluded by the adjudication of
the circuit court of appeals in the case already referred to.   This is
directly the fact with reference to assignments 1, 3, 4, 5, 7, 8, 9, 10, 11,
and 16, and also, probably, with reference to some other assignments
which have not been particularly brought to our attention in the argu-
ment at bar.   It is also indirectly the fact with reference to assign-
ments, 2, 17, 18, 19, 20, 21, 23, 24, 25, 26, 31, and 38, as all these
relate to matters which are covered by the judicial proceedings in
Minnesota, which were held, in the opinion of the circuit court of ap-
peals referred to, to be conclusive, in the absence of fraud, as against
both resident and nonresident stockholders.   Assignments like No.
15 are ineffectual, in view of the fact that, with reference to judgments
in superior courts of judicature, like that in Minnesota on which the
present cause is based, it is not necessary to show that service was
made on residents; but such judgments are presumed to be valid.
Assignments like No. 39, which relate purely to matters of form, and
do not put their fingers directly on the defects objected to, are clearly
insufficient under all systems of pleading, whether at common law or
under the statutes of Massachusetts.   With reference to assignment
13, the plaintiff has set out fully the judicial proceedings in Minnesota;
and, the circuit court of appeals having determined in Hale v. Hardon
that those proceedings are the basis of this class of suits, and it not
being necessary to burden pleadings with allegations of matters of
law, the plaintiff, in that particular, has clearly made it appear on
what he rests his right of action.

In view of what we have said about No. 13, it is apparent that the
matters referred to in Nos. 27, 28, and 29 do not create any duplicity
or repugnancy according to the test which the law applies, because
they all concern mere matters of surplusage of such a character that
they are not grounds of demurrer.   If the defendant will, by a proper
motion, point out any matters of surplusage which may embarrass her
defense, and will support the same by a careful brief, sufficient to en-

able the court to perceive easily and clearly the justice of her objections, we will consider the propriety of requiring the plaintiff to strike out the parts objected to. The court, however, suggests that, perhaps, on careful consideration, the most important portions of this apparent surplusage will be found to be mere matter of inducement, which, according to the customary rules of pleading, may be justified. The assignments to which we have not referred have not been pressed on us in argument.

As we have said, the most important points relied on by the defendant are necessarily overruled on the strength of the decision of the circuit court of appeals in Hale v. Hardon. We have, however, found it proper to consider whether the opinion of the supreme judicial court of Massachusetts in Hayward v. Leeson, passed down on June 15, 1900, and reported in 57 N. E. 656, has so far changed the status as to require us to hold that the decision of the circuit court of appeals is no longer applicable. We are clear, however, that there is nothing in Hayward v. Leeson which will justify us in sustaining the demurrer. That suit, as it appears, was brought in Massachusetts by Hayward, who had been appointed a receiver, by some court in Tennessee, of the East Tennessee Land Company, an insolvent corporation. He was authorized by his appointment to collect, take possession of, preserve, and care for the assets of the corporation, and to dispose of the same under the order of the court. He was also directed to prosecute suits in the courts of Massachusetts of the class to which Hayward v. Leeson belongs, for the purpose of recovering from the promoters of the corporation assets which it was claimed they had unlawfully withdrawn. He was directed to proceed in those suits either in his own name as receiver, or in the name of the East Tennessee Land Company, or jointly in his name as receiver and in the name of the East Tennessee Land Company, as he might be advised by counsel, and in accordance with the rules of practice in the Massachusetts courts. The supreme judicial court of Massachusetts held that none of the proceedings in Tennessee operated as an assignment to the receiver of the choses in action in litigation in Massachusetts, and it quoted the language of Mr. Justice Gray in Union Bank of Chicago v. Kansas City Bank, 136 U. S. 223, 236, 10 Sup. Ct. 1013, 34 L. Ed. 341, that the utmost effect of the appointment of a receiver is to put the property into his custody as an officer of the court, but not to change the title, or even the right of possession. Therefore Hayward v. Leeson decided that the receiver could not sue in his own name in Massachusetts.

The receiver in Hale v. Hardon, and in the present suit, would seem to have even less color for a standing in a court of common law to maintain a suit at common law, than the receiver in Hayward v. Leeson. Of course, if there were a statute of Minnesota creating a right of action against corporate shareholders, and vesting it, when created, in an official of the state, or an officer to be appointed by the court, or in any other person who would make avail of it for a remedial purpose, so that such right of action originated with, and first vested in, the person so named, there can now be no question that, under article 4, § 1, of the constitution, requiring full faith and credit to be given in each state to the public acts of every other state, the courts

in every other state would be bound to protect the right of action in behalf of, and also in the name of, the person in whom it was vested. But, as observed in our opinion in Hale v. Hardon, the statutory provisions of Minnesota relating to this topic are exceedingly crude and obscure; and this fact has given rise to such a contradictory and complicated condition of judicial decisions in that state as to render it very difficult, if not practically impossible, for any foreign judicial tribunal to work out fragmentary proceedings in reference thereto. The grounds of this observation have been fully set out by the supreme court of Wisconsin in its opinions in Finney v. Guy, passed down on March 20, 1900, and reported in 82 N. W. 595, and in Bank v. Benson, passed down on April 27, 1900, and reported in 82 N. W. 604. The supreme court of Wisconsin evidently accepted the view of Judge Colt, expressed in Hale v. Hardon, to the effect that the remedy given by the laws of Minnesota is of such peculiar nature that it cannot be worked out in incidental suits at law like this at bar. Even that court overlooked the fact that the observation made by one of the judges of the supreme court of Minnesota in Hanson v. Davison, 76 N. W. 254, which is the sole authority in Minnesota supporting an incidental action at common law of the character of this at bar, either within or without the jurisdiction of the Minnesota courts, and which is very plainly inconsistent with other expressions found in earlier opinions of the supreme court of that state, was not necessary to the conclusion reached in Hanson v. Davison, and was, therefore, a dictum. In consequence of these complications, we fall back on the findings given in the judgment of the district court of Hennepin county in Minnesota, which the plaintiff made the basis of his proceedings in Hale v. Hardon, and also in the present suit. Those findings recognized no right of action against stockholders vesting in any person except the creditors of the corporation. Among other things, that judgment contained the following: "That each of said stockholders was liable upon such stock to said creditors"; "that plaintiff" (who was a judgment creditor) "and said intervening creditors" "recover accordingly from each of the several stockholders defendant"; "and tha. W. E. Hale be appointed receiver for collecting and enforcing for and in behalf of said ascertained creditors," and so on. Thus the judgment which the plaintiff makes the basis of his suits expressly stated and found that the rights against the stockholders were vested in the creditors, and that the stockholders were liable to them, and that Hale was appointed receiver only in their behalf. There is nothing in this judgment, nor in the constitution or statutes of Minnesota, which, either in terms or impliedly, gave to Hale, the receiver, any original right of action. On the other hand, there are other things in the statutes and decisions of the courts of Minnesota which sustain the findings of the district court to the effect that the right of action vests in the creditors, and in no way in the receiver. Among the rest is the express language of Gen. St. Minn. 1894, c. 76, § 5907, to the effect that, in proceedings against directors and stockholders, when it appears that the corporation is insolvent, and has no property or effects to satisfy creditors, "the court may proceed, without appointing any receiver, to ascertain the respective liabilities of such directors and

stockholders, and enforce the same by its judgment, as in other cases." This provision has special application to the case at bar, because, by prior proceedings, the assets of the corporation had been sequestered by the courts in Minnesota, and the suit which furnished the basis of Hale v. Hardon and of the present action was a bill brought by a judgment creditor, in behalf of himself and other creditors, for the purpose of enforcing the liability of the stockholders, and for no other purpose. Therefore, as there were no assets of the corporation the title to which could vest in a receiver, and as the right of action against stockholders, according to the findings of the district court, vested in the judgment creditor who filed the bill, and in the other creditors in whose behalf the bill was filed by him, and as, by the express terms of section 5907, already referred to, the court was not required to appoint a receiver, it followed that Hardon was constituted such under the general equity powers of the court, and merely as its hand to assist it in realizing rights of action which vested, not in the receiver, but in the creditors. Such being the case, Hale apparently belongs to the class of receivers before the supreme judicial court of Massachusetts in Hayward v. Leeson; but this does not change the status from what it was before the circuit court of appeals in Hale v. Hardon, or assist the defendant in the present cause.

The question is whether, in a common-law court, the rules of the common law as to parties can be disregarded. The fact was accepted by the circuit court in Hale v. Hardon, especially in its references to Hawkins v. Glenn, 131 U. S. 319, 9 Sup. Ct. 739, 33 L. Ed. 184, that the rules of the common law concerning this topic prevail in Massachusetts. The circuit court also accepted the fact that, under sections 721 and 914 of the Revised Statutes, the practice, pleadings, and modes of procedure in the circuit court for the district of Massachusetts must be made to conform to those of the state of Massachusetts "as near as may be." This applies with full force to the question of parties. Pritchard v. Norton, 106 U. S. 124, 130, 1 Sup. Ct. 102, 27 L. Ed. 104; Albany & Rensselaer Co. v. Lundberg, 121 U. S. 451, 454, 7 Sup. Ct. 958, 30 L. Ed. 982. It must be assumed that the circuit court of appeals, in its adjudication in Hale v. Hardon, had all these matters in mind, as well as the circuit court. Therefore, inasmuch as Hayward v. Leeson declared no rule which was not known to be in force in Massachusetts, we have no right to assume that, if that suit had been decided before the action of the circuit court of appeals, the result would have been other than it was; and, consequently, we would not be justified in so applying Hayward v. Leeson as to turn aside the effect of the result on appeal in Hale v. Hardon.

The demurrer is overruled. The plaintiff's declaration is adjudged sufficient. The defendant may answer to the merits on or before the 1st day of September, 1900.