[No. 6366.]

McCague, Receiver, v. Dodge et al.

1. **Judgment—Of Court of Another State — Effect —** The liability of the subscriber to the stock of a corporation organized under the laws of Colorado, is to be ascertained by the laws

of this state. A court of another state has no jurisdiction to declare an assessment upon such stockholders, in order to discharge the liabilities of the corporation; and such assessment, made in a proceeding to which the subscribers were not parties, and did not appear, will not support an action in Colorado, against subscribers residing in Colorado, even though it is shown that the corporation had migrated to such other state, accepted the laws thereof, conveyed all its assets thereto, and afterwards conducted its business there.—(208)

2. **Receiver—Foreign—Right of Action—Comity**—The receiver of a corporation who has no other title to its assets than that derived from the order of the court appointing him, cannot maintain an action in the courts of another state, to recover such assets.

The doctrine of comity has no application to such case.—(209)

3. **Corporation — Liability of Stockholders Upon Unpaid Stock**, is to be determined by the laws of the state of its organization. An order of a court of Nebraska assessing the stockholders of a Colorado corporation, is without effect as to stockholders residing in Colorado who were not made parties to such proceeding, and do not appear therein.—(209)

*Error to Denver District Court*—Hon. CARLTON M. BLISS, Judge.

Messrs. GREENE, BRECKENRIDGE & MATTERS, Mr. JOHN Q. DIER, Mr. CHARLES J. HUGHES, Jr., and Mr. RALPH BRECKENRIDGE for plaintiff in error.

Messrs. VAILE, McALLISTER & VAILE, Mr. HENRY V. JOHNSON, Messrs. DINES, DINES & HOLME, Messrs. TALBOT, DENISON & WADLEY, Mr. FRED HERRINGTON and Mr. R. H. HART for defendants in error.

Plaintiff in error, as receiver of The Western Anchor Fence Company, a corporation, filed a complaint in the court below, the purpose of which was to collect from the defendants in error certain sums for which it was claimed they were liable as stockholders of that corporation, on account of unpaid stock subscriptions.

In brief, it appears from the averments of the complaint (so far as material to notice), that The Western Anchor Fence Company is a Colorado corporation; that its board of directors passed a resolution accepting the laws of Nebraska relating to the domestication of corporations of other states in that state; that it ceased to do business in Colorado, removed its tangible assets to Omaha, and thereafter transacted all its business in Nebraska; that it failed; that at a suit of a simple contract creditor in the district court of Douglas county, Nebraska, in which the Fence Company was the only defendant, a receiver was appointed to take possession of its property, with authority to convert the same into cash and distribute the proceeds among its creditors; that he took possession of the tangible assets of the Company in Nebraska and applied the proceeds upon the indebtedness of the corporation; that there was a deficit; that the stockholders had paid on their several subscriptions but fifty per cent. of the par value of the stock; that such proceedings were had in the original action, that an assessment was levied upon the unpaid stock subscriptions of the defendants, and the receiver directed to collect the same by suit; and that the purpose of this assessment was to pay the indebtedness of the Fence Company. It is not charged that the defendant stockholders were parties to this proceeding, or that they appeared therein.

To this complaint the defendants filed a demurrer, which, so far as necessary to consider, was based substantially upon the following grounds: That plaintiff had no capacity or power to sue, for the reason that he sues as a foreign receiver; and that the complaint does not state facts sufficient to constitute a cause of action against the defendants, or either or any of them. This demurrer was sustained, and plaintiff having elected to stand by his com-

plaint, the action was dismissed. Plaintiff brings the case here for review on error.

Mr. Justice Gabbert delivered the opinion of the court:

The main and only question necessary to determine is whether the receiver has shown from the averments of his complaint, that he has authority to enforce, by suit in this jurisdiction, the assessment levied upon the unpaid stock subscriptions of the defendants. The Fence Company is a Colorado corporation. The receiver was appointed by the district court of Douglas County, Nebraska. It does not appear that the defendants were parties to this proceeding at any stage, or that they ever appeared therein. The jurisdiction of the court appointing the receiver was not extra-territorial. The only authority which the plaintiff exhibits, and the only fact upon which he relies to maintain his suit against the resident stockholders, is the order of the court appointing him. This purports to be a judgment of the Nebraska court levying an assessment upon the unpaid stock subscriptions of the defendants. The relation between the stockholders and the Fence Company in this respect can only be determined and established by a court having jurisdiction in Colorado, where it was created, for it is only by the laws of this state that the liability of the stockholders upon their unpaid stock subscriptions can be ascertained.—*Young v. Farwell,* 139 Ill. 326; *Stockley v. Thomas,* 89 Md. 663.

So that, under the facts of this case, the judgment of the Nebraska tribunal could extend no further than to affect the tangible property of the Fence Company in the state of Nebraska—*Acken v. Coughlin,* 92 N. Y. Supp. 700; consequently, the case falls within the rule to the effect that a receiver of a corporation, having no other right or title to the cor-

poration's assets than that derived from the order of the court appointing him, has no power to sue in the courts of a foreign jurisdiction to recover such property or assets of the corporation.—*Booth v. Clark,* 17 How. 322; *Great Western M. & M. Co. v. Harris,* 198 U. S. 561; *Covell v. Fowler,* 144 Fed. 535; *Wigton v. Bosler,* 102 Fed. 70; *Hazard v. Durant,* 19 Fed. 471; *Hale v. Hardon,* 89 Fed. 283.

The principal contention on the part of counsel for plaintiff is, that, under the doctrine of comity between states, the receiver appointed by a court of one state may go into another jurisdiction and pursue residents of the latter upon their stock liability, unless the liability sought to be enforced is against the public policy of the state where the enforcement is sought, or unless local creditors will suffer. This contention is wholly inapplicable to the case at bar, for the reason that the Nebraska court was without authority by its judgment or order only, to vest the receiver in the first instance with any control over the assets of a Colorado corporation in the shape of unpaid stock subscriptions, or to levy an assessment thereon. In other words, the doctrine of comity does not apply when the plaintiff fails to state a cause of action.

The controlling feature of the case under consideration is well illustrated by the last case cited by counsel for plaintiffs—*Goss v. Carter,* 156 Fed. 746. In that case the receiver of an insolvent Nebraska corporation appointed by the district court of the fourth district of that state, was permitted to maintain an action against a stockholder of the corporation in Texas, but upon the ground that the title to the trust fund to which the stockholder was required to contribute was vested in the receiver by operation of law. For this reason the court distinguishes the case from *Booth v. Clark, supra,* to which reference was made. Having reached the con-

14

clusion that the receiver is .without authority to maintain his action, it is unnecessary to discuss the other questions argued by respective counsel.

The judgment of the district court is affirmed.

*Affirmed.*

CHIEF JUSTICE. CAMPBELL and Mr. JUSTICE HILL concur.