## TOMPKINS v. CRAIG et al.

(Circuit Court, E. D. Pennsylvania. May 11, 1899.)

EQUITY — MULTIFARIOUSNESS OF BILL — SUIT AGAINST STOCKHOLDERS TO RECOVER ASSESSMENTS.

A receiver of an insolvent Iowa bank cannot maintain a suit in equity in a federal court against a number of stockholders to recover assessments levied under the state statute, as the liability of the defendants is several, arising on their contracts of subscription, each of which is a separate obligation, and is a legal, and not an equitable, liability.

On Demurrer to Bill.

A. T. Jenkins and Charles Chauncey, for complainant.
Theo. F. Jenkins, for respondents.

McPHERSON, District Judge. The plaintiff is the receiver of an insolvent Iowa bank, and the defendants are stockholders residing in this district. The bill is brought to collect an assessment of 50 per cent. levied upon each of the defendants under the Iowa statute, which provides that all stockholders in corporations organized to transact a banking business shall be "individually and severally liable to

the creditors of such association or corporation of which they are stockholders or shareholders, over and above the amount of stock by them held therein, to an amount equal to their respective shares so held, for all its liabilities accruing while they remained such stockholders. * * *" Laws Iowa 1880, c. 208, § 1. The assessment was levied by the district court of Woodbury county, and was sustained by the supreme court of the state. The report of the case will be found in 70 N. W. 752, and in 72 N. W. 1076.

The bill is demurred to upon the ground of multifariousness, and we think the objection must prevail. The statute does not impose a joint but a several liability upon the defendants, and they have no common interest in the decree asked for by the bill. The plaintiff seeks to support the action upon the ground that such a proceeding will prevent a multiplicity of suits, but this is a reason in form rather than in substance; for, while the bill has only one number upon the docket and calls itself a single proceeding, it is in reality a bundle of separate suits, each of which is no doubt similar in character to the others, but rests nevertheless upon the separate and distinct liability of one defendant. The liability is legal, and not equitable. It is based upon the stockholder's contract of subscription, an implied term of that contract being the declaration of the statute that a certain contingent liability should follow the subscription. Each contract is a separate obligation, and should be separately enforced. As was pointed out upon the argument by the learned counsel for the defendants, this is not a proceeding to determine how large the assessment should be. For obvious reasons, such an inquiry should be made in equity, and all the stockholders should be parties. But after the rate of assessment has been fixed, and the individual liability of each stockholder has thus been ascertained, the enforcement of such liability is the proper subject of a suit at law, in which the separate rights of the defendant stockholder are distinctively to be considered. Flash v. Conn, 109 U. S. 380, 3 Sup. Ct. 263.

It is plain, also, that each defendant may desire to set up a different defense. One stockholder may have paid his assessment in whole or in part; another may seek to raise the question whether the Iowa court had jurisdiction to make the levy; a third may wish to attack the amount of the assessment; another may aver that his subscription was void from the beginning; and still other defenses, which need not be specified, are readily conceivable. We say nothing about the validity of these defenses. Some of them may not be available, and others may not be successful; but each defendant has the right to make whatever objection he may see fit to raise, in order that it may be passed upon by the court. If the defendants are numerous, as they are in the pending suit, it would be almost, perhaps wholly, impossible to apportion fairly the costs of hearing and of determining many unrelated issues.

The analogy of similar proceedings is also against the method adopted by the bill in controversy. An assessment by the comptroller of the currency upon stockholders of a national bank closely resembles the levy now before the court. So, also, does an assessment upon the stockholders, or the members, of an insolvent insurance com-

pany, under the Pennsylvania statutes. But, so far as we know, such assessments are always recovered by actions at law, brought separately against each member or stockholder, and we see no good reason why the assessments now in dispute should not be sued for in the same way.

The objection of multifariousness is supported by the further consideration that the plaintiff is seeking to recover, not only the assessments already referred to, but also the amount of several promissory notes, averred to be due by one of the defendants for money borrowed from the bank. Clearly, the other defendants have no connection with this transaction, and may properly object to the bill upon this ground alone.

It may not be amiss to add that the question whether the Iowa statute imposes an obligation that can be enforced by a receiver is not raised by the demurrer, and has not been considered. In view of the rulings in Flash v. Conn, supra, referred to in Mechanics' Sav. Bank v. Fidelity Insurance, Trust & Safe-Deposit Co., 87 Fed. 113, there may perhaps be some conflict of opinion between the courts of Iowa and the federal courts on this subject, but, even if the conflict exists, it need not now be decided which judgment should prevail.

The demurrer to the bill must be sustained.