HALE v. ALLINSON et al.

(Circuit Court, E. D. Pennsylvania. June 11, 1900.)

No. 26.

EQUITY JURISDICTION—SUIT BY RECEIVER AGAINST STOCKHOLDERS—MULTIPLICITY OF SUITS.

Equity is without jurisdiction of a suit by the receiver of an insolvent corporation against numerous stockholders to recover an additional liability imposed by statute, on the single ground that a multitude of actions at law will thereby be avoided, where the amount of the assessment has been previously adjudicated in a general suit, and has been fixed at the full amount of the statutory liability, since no question remains in which the defendants have a common interest, and the suit is merely an aggregation of separate suits, each involving separate issues and having little relation to each other, except that there is a common plaintiff, and in each of which the remedy at law is adequate.

On Demurrer to Bill.

Charles C. Lister and M. H. Boutelle, for complainant.
John G. Johnson and Walter C. Rodman, for respondents.

McPHERSON, District Judge. The complainant is the receiver of the Northwestern Guaranty Loan Company, a Minnesota corporation, and has been specially appointed by a court of that state to enforce the additional liability that is imposed upon stockholders of certain classes of corporations by the Minnesota constitution. The defendants are Pennsylvania stockholders, 47 in number, who were not served with process and did not appear in the proceeding by which the Minnesota court ascertained what debts were due by the corporation, and how large the assessment upon each stockholder should be. The assessment was fixed at 100 per cent., and recovery is therefore sought of the whole amount that each defendant can be called upon to pay. The demurrer attacks the bill upon several grounds, of which only one, in my opinion, is necessary to be considered, namely, that the complainant has an adequate remedy at law.

As it stands, the bill is brought by two complainants; one being the creditor that began the foregoing proceeding in Minnesota, and the other being the receiver that was thereupon specially appointed,— both professing to sue in this jurisdiction for the equal benefit of all the creditors of the company. The joinder of these two complainants is one of the grounds of demurrer; but as leave has been asked, and is now granted, to dismiss the creditor from the suit, I shall treat the bill as if it had been brought in the first instance by the receiver alone. But, even thus considered, I think it cannot be sustained, because the complainant's remedy is properly at law. I have heretofore had occasion to decide a similar question, in Tompkins v. Craig, 93 Fed. 885; and, without repeating the reasons there given

(to which I now take leave to refer), I adhere to that decision. It is, no doubt, true that the authorities are not uniform upon the point under consideration, but I think this much, at least, may be safely affirmed: Equity does not under all circumstances acquire jurisdiction of a controversy against numerous defendants upon the single ground that a multitude of suits at law might thereby be avoided. For example, if the receiver of an insolvent bank should come into possession of 50 promissory notes, apparently due to the bank from as many separate debtors, he certainly could not join these defendants in one equitable proceeding, based upon all the notes, merely because 50 suits at law might thereby be avoided. Neither would a court of equity acquire jurisdiction in such a case upon the additional ground that the money, when collected, would become part of a fund that would be distributed under the court's control. The principles that might govern the distribution would not change the character of the various liabilities sought to be enforced by the bill, and the receiver would be obliged to sue at law upon the separate legal obligation created by each contract, although the money realized by the suits might be afterwards distributed by a court of equity in accordance with equitable principles. Neither would the court acquire jurisdiction in such a case if the further ground be added, that the receiver's right of action against each defendant was similar to his right against every other; being a right in each case to sue upon a contract made with the same insolvent, and evidenced by a written instrument essentially of the same description. Moreover, if such a bill could be filed in equity merely because a multitude of suits at law would thereby be avoided, by what rule of computation should the objectionable multitude be determined? Would 2 suits be sufficiently numerous? Or 5? or 25? And, if one bill might be filed because there were 50 defendants, why might not two bills be filed, each selecting 25 defendants? I see no equitable principle, therefore, in the mere consideration that the receiver might have a legal right to sue many debtors separately upon obligations similar in kind, or in the additional fact that the money recovered upon such obligations might afterwards be distributed under the supervision of a court of equity.

Something more is necessary before the equitable jurisdiction will attach, and I think the needful something is this: Before a controversy between a receiver and numerous separate debtors of the corporation can be joined in one proceeding, there must be some common relation or common interest or common question to serve as a basis for the joinder. In the absence of such a relation or interest or question, as is said by Mr. Pomeroy in the first volume of his treatise on Equity Jurisprudence (section 251), "the decree of a court of equity, and the relief given by it in one judicial proceeding, could not by any possibility prevail to prevent the multiplicity of suits which is the very object of its interference." That is to say, the issues will still be actually numerous, and will still be essentially separate, although there is a formal pretense that one suit only is being carried on. In section 269 the rule is stated affirmatively in the following language:

"The weight of authority is simply overwhelming that the jurisdiction may and should be exercised either on behalf of a numerous body of separate

claimants against a single party, or on behalf of a single party against such a numerous body, although there is no common title nor community of right or of interest in the subject-matter among those individuals, but where there is, and because there is, merely a community of interest among them in the questions of law and fact involved in the general controversy, or in the kind and form of relief demanded and obtained by or against each individual member of the numerous body."

And in section 274 a subdivision of the fourth class of such controversies is thus described:

"Suits by a single plaintiff against a numerous body of persons to establish his own right and defeat all their opposing claims, where the claims of these persons are legally separate, arose at different times, and from separate sources, and are common only with respect to their interest in the question involved, and in the kind of relief to be obtained by or against each."

These quotations state the rules that are relied on by the complainant to sustain the present bill, but, assuming them to be correct, —and I have no disposition to controvert them,—I do not think the facts bring the bill within the rules. Each case is to be considered upon its own circumstances, in order to determine whether the equitable jurisdiction exists (Rich v. Braxton, 158 U. S. 406, 15 Sup. Ct. 1006, 39 L. Ed. 1022); and, in my opinion, the circumstances of the case now before the court do not disclose a common interest between or among the parties, nor a common relation, nor a common interest in the questions involved or in the kind of relief to be obtained. The common interest of the stockholders in the question, how large the assessment should be, ceased when the decree of the Minnesota court upon that subject was entered. Thereafter a different question arose for determination, namely, can the assessment be lawfully enforced against the individuals charged therewith? And in this question the interest of each stockholder is separate and distinct. The bill asserts the conclusiveness of the Minnesota decree upon the defendants, so far as the necessity for the assessment and the amount charged against each stockholder are concerned. Bank v. Farnum, 20 Sup. Ct. 506, Adv. S. U. S. 506, 44 L. Ed. ——. Assuming that position to be sound (and, if I do not so assume it; if these questions are still open for determination, so far as the Pennsylvania stockholders are to be affected,—the bill must fail for want of necessary parties), it is clear that only two classes of questions remain to be decided: The first is whether a given stockholder was ever liable as such; and the second is whether, if he were originally liable, his liability has ceased, either in whole or in part. Manifestly, as it seems to me, the defendants have no common interest in these questions, or in the relief sought by the receiver against each defendant. The receiver's cause of action against each defendant is, no doubt, similar to his cause of action against every other, but this is only part of the matter. The real issue, the actual dispute, can only be known after each defendant has set up his defense, and defenses may vary so widely that no two controversies may be exactly or even nearly alike. If, as is sure to happen, differing defenses are put in by different defendants, the bill evidently becomes a single proceeding only in name. In reality it is a congeries of suits with little relation to each other, except that there is a common plaintiff, who has similar claims

against many persons. But as each of these persons became liable, if at all, by reason of a contract entered into by himself alone, with the making of which his co-defendants had nothing whatever to do, so he continues to be liable, if at all, because he himself, and not they, has done nothing to discharge the liability. Suppose A. to aver that his signature to the subscription list was a forgery; what connection has that averment with B.'s contention, that his subscription was made by an agent who had exceeded his powers? Or with C.'s defense, that his subscription was obtained by fraudulent representations? Or with D.'s defense, that he has discharged his full liability by a voluntary payment to the receiver himself? Or with E.'s defense, that he has paid to a creditor of the corporation a larger sum than is now demanded? These are separate and individual defenses, having nothing in common; and upon each, the defendant setting it up is entitled to a trial by jury, although it may be somewhat troublesome and expensive to award him his constitutional right.

But, even if the ground of diminished trouble and expense may sometimes be sufficient, I should still be much inclined to hesitate before I conceded the superiority of the equitable remedy in the present case. Such a bill as is now before the court is certain to be the beginning of a long and expensive litigation. The hearings are sure to be protracted. Several, perhaps many, counsel will no doubt be concerned, whose convenience must be consulted. The testimony will soon grow to be voluminous. The expense of printing will be large. The costs of witnesses will not in any degree be diminished, and, if some docket costs may be escaped, this is probably the only pecuniary advantage to be enjoyed by this one cumbersome bill over separate actions at law.

A final word may be added: If I am to follow as an authority a dictum of the supreme court of the United States in Kennedy v. Gibson, 8 Wall. 505, 19 L. Ed. 476, the bill might have been dismissed without any discussion of the subject on principle. That was a case in which a receiver was seeking to recover from stockholders of an insolvent national bank the additional liability imposed by the federal statute, and in the course of the opinion the court, holding that the liability was several, and not joint, distinctly declared:

"Where the whole amount is sought to be recovered, the proceeding must be at law. Where less is required, the proceeding may be in equity, and in such a case an interlocutory decree may be taken for contribution, and the case may stand over for the further action of the court, if such action should subsequently prove to be necessary, until the full amount of the liability is exhausted."

No doubt, this was a dictum, but, as the circuit court of appeals of the Sixth circuit has recently pointed out in Bailey v. Tillinghast, 40 C. C. A. 93, 99 Fed. 801, it has since been recognized in several cases without qualification; and the court of appeals approved it also, saying:

"Beyond doubt, the ruling that, where the whole amount of the liability is sought to be recovered, the suit must be at law, was based upon the fact that in such a case the remedy at law is adequate, and under the provision of section 723, Rev. St., the action must be brought there, and then the stockholder would be given the privilege of a trial by jury."

Where the whole amount is sued for, there seems to be nothing further for equity to do. No account needs to be taken, no ascertainment of liability is to be had. · No adjustment of equities is to be made. Nothing is to be done, except to enforce a separate individual contract for an undivided sum. For such enforcement the legal remedy is adequate, even if the standard be applied, that "it is not enough that there is a remedy at law. It must be plain and adequate, or, in other words, as practical and efficient to the ends of justice and its prompt administration as the remedy in equity" (Rich v. Braxton, 158 U. S. 406, 15 Sup. Ct. 1017, 39 L. Ed. 1032),—or if the rule be remembered, that "the jurisdiction in equity attaches unless the legal remedy, both in respect to the final relief and the mode of obtaining it, is as efficient as the remedy which equity would confer under the same circumstances" (Kilbourn v. Sunderland, 130 U. S. 514, 9 Sup. Ct. 596, 32 L. Ed. 1009).

I shall not extend this opinion by examining in detail the cases cited by the learned counsel for complainant in their very able brief. Some of these decisions are easily distinguishable from the case at bar, and if others seem, perhaps, to be at variance with the conclusion I have reached, I am content to have the subject reviewed in the light of the principles to which I have referred. Believing, therefore, that the complainant should sue at law,—following in this district the course that he seemed to regard as adequate in the district of Massachusetts (Hale v. Hardon, 37 C. C. A. 240, 95 Fed. 747),—I sustain the seventh reason assigned by the demurrer.