HALE et al. v. ALLINSON.

(Circuit Court of Appeals, Third Circuit. January 4, 1901.)

No. 19.

EQUITY JURISDICTION—SUIT BY RECEIVER AGAINST STOCKHOLDERS—MULTIPLIC-
ITY OF SUITS.

Equity has no jurisdiction of a suit by the receiver of an insolvent cor-
poration against numerous stockholders to recover an additional liability
imposed by statute, on the single ground that a multitude of actions at
law will thereby be avoided, where it is alleged in the bill that the amount
of the assessment has previously been adjudicated in a general suit, and
has been fixed at the full limit of the statutory liability, since no question
remains in which the defendants have a common interest, and the suit is
merely an aggregation of separate suits, each involving separate issues,
and having little relation to each other, except that there is a common
plaintiff, and in each of which the remedy at law is adequate.

Appeal from the Circuit Court of the United States for the Eastern
District of Pennsylvania.

For opinion below, see 102 Fed. 790.

M. H. Boutelle, for appellants.

John G. Johnson, for appellee.

Before DALLAS and GRAY, Circuit Judges, and BRADFORD,
District Judge.

DALLAS, Circuit Judge. This suit was begun by a bill in equity
filed by two persons,—one a creditor and the other the receiver of the
Northwestern Guaranty Loan Company; but, leave having been
asked and granted to dismiss the creditor from the suit, it was
treated below, and has been considered here, as if it had been brought
in the first instance by the receiver alone. He asserted the right to
sue as receiver by virtue of his appointment to that office under the
laws of Minnesota, by a court of that state, in a proceeding which
had been instituted against the Northwestern Guaranty Loan Com-
pany and certain of its stockholders at the instance of certain of its
creditors. The bill alleged that under the constitution and laws of
Minnesota the stockholders were severally liable to an amount not
exceeding the par value of their respective shares for any deficiency
in the assets of the corporation to meet its indebtedness; that in the
proceeding before mentioned the existence of such a deficiency was
ascertained, and was found to be so great as to require every stock-
holder to contribute to the full amount of his said liability; that the
Minnesota court had, in the same proceeding, decreed that the stock-
holders should pay accordingly, and had directed the complainant, as
receiver, to collect the sums so ordered to be paid; and that the
defendants were respectively holders of shares as in the bill particu-
larly stated. Thereupon, it was asked that they should "be adjudged
liable to pay and contribute to the extent of the par value of their
several holdings of stock for the equal benefit of the creditors of
the said corporation." Several demurrers were interposed, but it is
not necessary to refer to them separately or in detail. The points
urged in their support are, in substance, (1) that the complainant's

appointment as receiver by the Minnesota court did not entitle him to sue as such in the circuit court of the United States for the Eastern district of Pennsylvania; (2) that the defendants below were not bound by the proceeding in Minnesota; (3) that, irrespective of any other question, a suit in equity was not maintainable, because there was an adequate remedy by separate actions at law against each of the stockholders who were joined as defendants in the bill.

We strongly incline to the opinion that the two points first stated might well have been sustained. This receiver is but the creature of the court which appointed him, and no legal title is vested in him. Therefore his asserted right to sue in another jurisdiction cannot be conceded unless the law as declared in Booth v. Clark, 17 How. 322, 15 L. Ed. 164, has been changed in this respect by the decision in Relfe v. Rundle, 103 U. S. 222, 26 L. Ed. 337; and we are not prepared to say that it has been. Hale v. Hardon (C. C.) 89 Fed. 283. None of the defendants was a party to the proceeding in the Minnesota court, and while we do not now decide the matter, because it is unnecessary to do so, it is not to be inferred that we assent to the proposition that, because the stockholders of a corporation are so far privy in interest as to be bound by a judgment against it, they are also bound by a decree that they, individually, shall wholly or partially pay its indebtedness, although they have never had a day in court to controvert the existence of the facts upon which their obligation to do so is dependent. Hawkins v. Glenn, 131 U. S. 319, 9 Sup. Ct. 739, 33 L. Ed. 184; Bank v. Farnum, 176 U. S. 640, 20 Sup. Ct. 506, 44 L. Ed. 619; and see the dissenting opinion of Colt, J., in Hale v. Hardon, 37 C. C. A. 270, 95 Fed. 777. But the court below, dismissed the bill solely upon the ground that the complainant had an adequate remedy at law (102 Fed. 790), and the learned judge dealt with that subject so fully and satisfactorily as to render any further discussion of it superfluous. We adopt his opinion as our own, and, for the reasons it presents, the decree is affirmed.