## HALE v. HILLIKER.

(Circuit Court, N. D. New York. June 7, 1901.)

No. 3,352.

1. FEDERAL COURTS—RULES OF DECISION—FOLLOWING DECISIONS OF SUPERIOR COURT.

An orderly administration of the law requires that the circuit courts should follow a decision of a circuit court of appeals of another circuit, in the absence of conflicting authority, and when the question is presented on precisely the same state of facts.

2. CORPORATIONS—LIABILITY OF STOCKHOLDERS—SUITS BY RECEIVER TO ENFORCE.

A special receiver appointed by a court of Minnesota in a suit in equity brought under the statutes of that state by creditors of an insolvent corporation to determine the individual liability of stockholders, and charged with the duty of enforcing such liability for the benefit of all the creditors, may maintain an action at law in a federal court in another state against a stockholder residing therein.[1]

Action at Law Tried by the Court, a Jury Trial having been Waived by Written Stipulation.

M. H. Boutelle, A. L. Pincoffs, W. E. Hale, and Rosendale & Hessberg, for plaintiff.

C. C. Van Kirk, E. W. Douglass, and B. E. De Groot, for defendant.

COXE, District Judge. The defenses relied on by the defendant have all, either directly or by implication, been decided adversely to his contention by the circuit court of appeals of the First circuit. Hale v. Hardon, 37 C. C. A. 240, 95 Fed. 747. The argument supporting the right of the receiver, appointed by the court of the corporate domicile, to enforce the liability of a nonresident stockholder in a federal court of another territorial jurisdiction, is so fully stated that it will serve no useful purpose to discuss de novo the propositions involved. In fact the opinion of the court and the dissenting opinion contain all that can be said upon the question pro or con and no new light can be thrown upon it by a renewal of the debate even if such a course were becoming and proper. The court is of the opinion that its plain duty requires it to follow the decision in Hale v. Hardon. The reasons for this conclusion were stated at the argument and need not now be repeated. It is sufficient that a decent and orderly administration of the law requires that where a question has been decided by a circuit court of appeals the circuit courts shall follow that decision when the question is presented upon a precisely similar state of facts. Although the doctrine of comity is supposed to have undergone some modification by the recent decision of the supreme court in Mast, Foos & Co. v. Stover Mfg. Co., 177 U. S. 485, 488, 20 Sup. Ct. 710, 44 L. Ed. 858, there is nothing there said which will justify the court in disregarding the Hale-Hardon judgment. The question in the

[1] For general liability of stockholder to creditors, see note to Rickerson Roller-Mill Co. v. Farrell Foundry & Mach. Co., 23 C. C. A. 315, and also note in Scott v. Latimer, 33 C. C. A. 23.

supreme court was whether the circuit court of appeals of one circuit was bound by the decision of a circuit court of appeals of another circuit. Here the question is whether a court of inferior jurisdiction shall follow the decision of a court of paramount and superior jurisdiction. But even if the tribunals were co-ordinate the application of the doctrine of the supreme court would lead to the same result. The court says:

"It is only in cases where, in the mind of the judge, there may be a doubt as to the soundness of his views that comity comes in play and suggests a uniformity of ruling to avoid confusion, until a higher court has settled the law. It demands of no one that he shall abdicate his individual judgment, but only that deference shall be paid to the judgments of other co-ordinate tribunals. Clearly it applies only to questions which have been actually decided, and which arose under the same facts."

Nothing has occurred since the decision in Massachusetts to change or modify the situation. In Kirtley v. Holmes, 107 Fed. 1, the circuit court of appeals of the Sixth circuit took the same view as to the right of a receiver to sue stockholders in other jurisdictions than that in which the parent suit was instituted, and cited the Hale-Hardon Case with approval. In Hale v. Allinson, 106 Fed. 258, the circuit court of appeals of the Third circuit affirmed a decree of the circuit dismissing the bill upon the ground that equity had no jurisdiction in actions of this character, there being an adequate remedy at law. This decision disposes of the defendant's contention in the case at bar that plaintiff's only remedy was in equity and, so far as the point decided is concerned, it does nothing else. But it is said that the dissenting opinion in Hale v. Hardon is cited with approval and from the intimations of the court it is quite evident that when the questions now in issue reach the appellate tribunal of the Third circuit the decision in the Massachusetts case will not be followed. That this conflict of authority may exist is, of course, possible. It does not exist to-day and the controlling weight of authority is clearly with the plaintiff. Should there be the difference of opinion suggested the circuit courts of other circuits will be free to exercise their own judgments until the question is definitively settled by the supreme court of the United States. But it will be time enough to consider this situation when it actually arises.

The foregoing considerations dispose of the defense of the statute of limitations. Upon the theory that the Hale-Hardon decision is good law no question of limitation can arise. The right of action did not accrue until the Minnesota court had determined whether and to what extent the liability of stockholders should be enforced. The decree deciding these questions and giving the plaintiff a right to bring actions was not entered until November 3, 1897. This suit was commenced September 16, 1899, within the shortest period of limitation suggested by the defendant. Howarth v. Ellwanger (C. C.) 86 Fed. 54. It follows that the plaintiff is entitled to the judgment demanded in the complaint.