## BROWN v. ALLEBACH et al.

(Circuit Court, E. D. Pennsylvania. October 31, 1907.)

No. 10.

1. COURTS—JURISDICTION OF FEDERAL COURT—ANCILLARY SUIT BY RECEIVER.

Where a federal court has appointed a receiver for an insolvent corporation, a suit brought by such receiver for the collection of an assessment made by the court on stockholders of the corporation to pay its debts is ancillary to the main suit, and is cognizable by a federal court, regardless of the citizenship of the parties or the amount in controversy.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 13, Courts, § 801. Suits by or against receivers of, see note to J. I. Case Plow Works v. Finks, 26 C. C. A. 49.]

2. CORPORATIONS—INSOLVENCY PROCEEDINGS—CONCLUSIVENESS OF ORDERS ON STOCKHOLDERS.

An order made by a court of equity in a suit for winding up the affairs of an insolvent corporation levying an assessment on stockholders of the corporation who are indebted on unpaid subscriptions for the payment of the debts of the corporation is within its jurisdiction, and is binding on the stockholders without notice to them.

8. EQUITY—JURISDICTION—PREVENTING MULTIPLICITY OF SUITS.

A receiver of an insolvent corporation may maintain a suit in equity to collect an assessment made against the stockholders, joining a number of stockholders as defendants, on the ground of preventing a multiplicity of suits, and the inadequacy of the remedy at law, where the defendants are numerous, the assessments are less than the full legal liability of the defendants, and are comparatively small, so that the cost of separate actions would be disproportionate to the amount recovered in many cases, and where from all the circumstances it appears that a single suit will best subserve the substantial interests of all parties.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 19, Equity, §§ 167, 168.]

4. CORPORATIONS—STATUTORY PROCEEDINGS IN INSOLVENCY—EFFECT OF BANKRUPTCY LAW.

The provisions of section 65 of the New Jersey corporation act (Laws 1896, c. 185, p. 298), authorizing proceedings in a court of equity against insolvent corporations and the appointment of receivers therein, were not superseded by the national bankruptcy law.

In Equity. On demurrers to bill.

Burr, Brown & Lloyd, for complainant.

Peter M. MacLaren, James S. Alcorn, George Irving Merrill, Samuel K. Louchheim, L. L. Eyre, R. O. Moon, Geo. P. Rich, P. F. Rothermel, Jr., Henry S. Drinker, Jr., H. E. Kohn, F. K. Swartley, Ellis Ames Ballard, Simpson & Brown, and Morgan & Lewis, for respondents.

HOLLAND, District Judge. This bill is filed by the receiver of the American Alkali Company against certain preferred stockholders residing in this district to recover the sum of $2.50 a share, assessed by the United States Circuit Court of New Jersey on August 31, 1905, upon this preferred stock owned by each of the defendants, respectively, and standing in his name upon the books of the company, or in the name of his representative. The collection of this $2.50 a share is for the payment of the debts and the expenses of the receiver of the

insolvent alkali company. It is only a part of the amount still due from the owners of this preferred stock to the company. A suit at law had been brought against most of the defendants, and subsequently a petition was presented to this court and leave granted to the receiver to file this bill, joining all the defendants herein named. The bill alleges the incorporation and insolvency of the alkali company, the appointment of a receiver, and the assessment of $2.50 per share upon the preferred stockholders of the company by the United States Circuit Court of New Jersey on August 31, 1905. This decree, set forth in the bill, shows that the assessment was made for the payment of debts of the company and expenses of the receivership. There are about 150 defendants, nearly all of whom have demurred to the bill.

The questions raised are very few, and I shall take up in order those which require attention.

First. The objection that the Circuit Court has no jurisdiction where the receiver's claim against each defendant is for an amount less than $2,000 is answered by the decision of the Supreme Court of the United States in White v. Ewing, 159 U. S. 36, 15 Sup. Ct. 1018, 40 L. Ed. 67, where it is held that the Circuit Court obtained jurisdiction "by the appointment of a receiver, and that any suit by or against such receiver, in the course of winding up of such corporation, whether for the collection of its assets or for the defense of its property rights, must be regarded as ancillary to the main suit, and as cognizable in the Circuit Court, regardless either of the citizenship of the parties or of the amount in controversy."

Second. It is contended that the parties defendant were not parties to the litigation in New Jersey, and are therefore not bound by the decree authorizing the assessment. If this is intended merely to raise the question of the right of the chancellor, in the absence of fraud, with all the necessary facts before him, to make an assessment for the payment of legitimate debts and expenses of this insolvent corporation, the objection is not well taken. The Supreme Court of the United States, in the case of Great Western Telegraph Co. v. Purdy, 162 U. S. 329, 16 Sup. Ct. 810, 40 L. Ed. 986, said:

"The order of assessment, whether made by the directors as provided in the contract of subscription, or by the court as the successor in its respect of the directors, was doubtless, unless directly attacked and set aside by appropriate judicial proceedings, conclusive evidence of the necessity for making such an assessment, and to that extent bound every stockholder, without personal notice to him."

See, also, Hawkins v. Glenn, 131 U. S. 319, 9 Sup. Ct. 739, 33 L. Ed. 184.

Third. Equity has no jurisdiction, because the action should have been at law. It is urged that, unless equity will take jurisdiction solely for the convenience of the plaintiff to the suit, and bring into one proceeding for his convenience a number of persons who it is alleged are separately liable to him, there is no jurisdiction, and in support of this proposition the cases of Tompkins v. Craig, 93 Fed. 885, and Hale v. Allinson (C. C.) 102 Fed. 790, affirmed by the Circuit Court of Appeals in 106 Fed. 258, 45 C. C. A. 270, and by the Supreme Court of the United States in 188 U. S. 56, 23 Sup. Ct. 244, 47 L. Ed.

380, are cited as the cases nearest in point to sustain this contention. The first case was a bill filed by a receiver of an insolvent Iowa bank for the collection of an assessment of 50 per cent. of the statutory liability of stockholders in the insolvent corporation. The bill was dismissed for want of equitable jurisdiction. The second was a suit instituted in this district by the receiver of an insolvent corporation of Minnesota, appointed by the Minnesota courts, for the recovery of the entire amount of the statutory liability of stockholders of the insolvent corporation in this district. Both these cases were decided in this district by District Judge McPherson. In the last case the district judge, in effect, concedes that there may arise cases closely analogous to the one he was then so ably considering, where proceedings in equity may be had to collect less than the whole amount for which the subscribers are liable, and refers to what was said by the Supreme Court of the United States in the case of Kennedy v. Gibson, 75 U. S. 505, 19 L. Ed. 476, which has been followed since in a number of cases. It was held, however, in Hale v. Allinson, supra, that, as that was a suit to collect the full amount of the statutory liability, no question remained in which the defendants had a common interest, and the suit was merely an aggregation of separate suits, each involving separate issues and having little relation to each other, except that there was a common plaintiff, and in each of which a remedy at law was adequate. The Supreme Court, in affirming this decision, discusses the question of equity jurisdiction, for the purpose of preventing a multiplicity of suits, at some length. After calling attention to a number of cases where the jurisdiction was assumed, as well as cases where it was denied, Justice Peckham said:

"Cases in sufficient number have been cited to show how divergent are the decisions on the question of jurisdiction. It is easy to say it rests upon the prevention of a multiplicity of suits, but to say whether a particular case comes within the principle is sometimes a much more difficult task. Each case, if not brought directly within the principle of some preceding case, must, as we think, be decided upon its own merits and upon a survey of the real and substantial convenience of all parties, the adequacy of the legal remedy, the situations of the different parties, the points to be contested, and the result which would follow if jurisdiction should be assumed or denied; these various matters being factors to be taken into consideration upon the question of equitable jurisdiction on this ground, and whether within reasonable and fair grounds the suit is calculated to be in truth one which will practically prevent a multiplicity of litigation and will be an actual convenience to all parties, and will not unreasonably overlook or obstruct the material interests of any. The single fact that a multiplicity of suits may be prevented by this assumption of jurisdiction is not in all cases enough to sustain it. It might be that the exercise of equitable jurisdiction on this ground, while preventing a formal multiplicity of suits, would nevertheless be attended with more and deeper inconvenience to the defendants than would be compensated for by the convenience of a single plaintiff, and, where the case is not covered by any controlling precedent, the inconvenience might constitute good ground for denying jurisdiction. * * * We are not disposed to deny that jurisdiction on the ground of preventing a multiplicity of suits may be exercised in many cases in behalf of a single complainant against a number of defendants, although there is no common title nor community of right or interest in the subject-matter among such defendants, but where there is a community of interest among them in the questions of law and fact involved in the general controversy."

In the case at bar the question has been raised as to the validity of the assessment, in which all the defendants are interested, as well as in the question of the effect of the national bankruptcy law upon the New Jersey act of 1896. Laws 1896, p. 298, c. 183. The defense, if any they have to the payment of the assessment of all the owners of the stock, seems to me we will be the same. Of course, where the party defendant denies ownership, the evidence as to that question would not be common as to all. In this case the defendants are very numerous, the amounts collected are comparatively small compared with the total of indebtedness and the expense of receivership, and we think it is a case where it is "for the real and substantial convenience of all parties that jurisdiction in the case should be assumed" to prevent the expense which would naturally follow the collection of these amounts in suits at law. The record costs of separate suits at law, the expense of the receiver, and the fees of attorneys to contest these cases could easily result in requiring that another small assessment be made to meet these expenditures as well as for the accumulated interest resulting from a failure to expeditiously collect the amounts and liquidate the claims. We think, therefore, this is a case where the convenience of all parties and the inadequacy of the legal remedy under the circumstances require that equity shall take jurisdiction to prevent a multiplicity of suits; there being a community of interest among the defendants in a number of questions of law and fact involved in the general controversy.

The above are the objections to the bill urged by nearly all the defendants who have demurred. There are other objections; but we do not think they require any extended discussion. The objection that the New Jersey act of 1896 is superseded by the national bankruptcy law cannot be sustained. It has been so held in the cases of Singer v. National Bedstead Co., 65 N. J. Eq. 290, 55 Atl. 868; In re Wilmington Hosiery Co. (D. C.) 120 Fed. 180. See, also, Land Title Co. v. Asphalt Co., 127 Fed. 1, 62 C. C. A. 23. The liability of the transferees of the preferred stock of the alkali company has been settled by the decisions in the alkali suits in this district. We do not recall that any of the other matters of demurrer were seriously urged at the argument.

The demurrer filed by each one of the defendants, respectively, is hereby overruled, with leave to the defendants to answer within 20 days.