CORNELIUS F. BEERS, RELATOR, v. BOARD OF CHOSEN FREEHOLDERS OF MORRIS COUNTY AND WILLIAM H. HOSKING, CLERK OF THE BOARD OF CHOSEN FREEHOLDERS OF MORRIS COUNTY, RESPONDENTS.

Argued October 17, 1929—Decided October 18, 1929.

Before Justices PARKER, BLACK and BODINE.

For the relator, *George A. Henderson.*

For the respondents, *Howard F. Barrett* and *John E. Kennedy.*

PER CURIAM.

The relator, Cornelius F. Beers, filed with the board of freeholders of Morris county a petition purporting to be signed by at least five hundred legal voters of the county requesting the adoption of the Civil Service act.

On September 11th, 1929, the board of freeholders, by resolution, directed the clerk of the board to have the question of the adoption of the act placed upon the ballot for the ensuing November election. Later, by resolution, the clerk of the board was instructed not to proceed in the matter. We are asked to review this action.

*Pamph. L.* 1915, *ch.* 17, a supplement to the Civil Service act, so far as pertinent, provides as follows: "Whenever there shall be presented to the clerk of the governing body of any municipality of this state a petition as provided in section 31 of the act to which this act is a supplement, it shall be the duty of said clerk fifteen days thereafter to give

public notice that the question of the adoption of the Civil Service act will be duly submitted to the legal voters of the said municipality at the next regular election, and to make public notice thereof. * * * 2. In the event of any clerk refusing or neglecting to take such action within such prescribed time, then the state board of civil service commissioners, or any member thereof, may make application to a judge of the Court of Common Pleas holding court in the county in which said municipality is located, for an order directing and compelling the submission of the question involved in said petition, as required by law; and said judge of the Court of Common Pleas shall hear said matter summarily."

Our view is that the statute is comprehensive and affords a remedy. The statute provides that any citizen or taxpayer in the event of the refusal or neglect of the clerk to act may apply to the Court of Common Pleas in the county for such order as may be required by law. Until the remedy provided by the statute has been exhausted, we fail to see why we should act.

The rule will be discharged.