WILLIAM BITTLES, complainant-respondent,

*v.*

WEST RIDGELAWN CEMETERY et al., defendants-appellants.

[Submitted May 27th, 1932. Decided October 17th, 1932.]

*Mr. Ralph E. Lum,* for the appellants.

*Messrs. Carey & Lane,* for the respondent.

The opinion of the court was delivered by

PARKER, J.

Without intimating any substantial dissent from the other rulings contained in the opinion filed by the learned vice-chancellor, we are content, in affirming the decree under review, to rest our affirmance on the first ruling of that opinion, viz., that the suit to foreclose the mortgage was effectively begun within twenty years from the date when a right of entry first accrued to the mortgagee. *Blue* v. *Everett, 56 N. J. Eq. 455.*

Although the date of "commencing the suit" was one of the vital points ruled on in the decision below, it was clearly an afterthought of the defense, and several of the controlling facts were inadequately—or not at all—presented to the vice-chancellor at the hearing, and are not contained in the printed state of the case before us. In particular may be mentioned the issue and attempted service of the first subpœna to answer, in 1926, and similar particulars touching the second subpœna nearly two years later. They are stated in a general way in the opinion (at page 358) but the papers themselves were not produced at the hearing, apparently because the vice-chancellor examined them in the clerk's office.

We say an afterthought, because the colloquy at the first oral hearing seems to indicate quite clearly that defense counsel had abandoned the statute of limitations to all intents and

purposes; complainant asked leave to amend, and the court intimated that there would be a decree subject to defendants' right to a further hearing. This was on May 1st, 1929. On June 13th the court alluded to this disposition of the matter, and it was not until the following day that counsel suggested that the defense of limitation was to be seriously pressed.

Assuming that the twenty years would have expired on April 1st, 1927, was the action to foreclose "begun" in contemplation of law, within that time?

It is settled that the mere filing of a bill is not the "beginning" of the suit. The essential matter (as in actions at law) is the taking out of process. In cases where a preliminary writ of injunction issues, the subpœna and injunction must both be served: if the subpœna be not served the injunction will be dissolved. *Allman v. United Brotherhood of Carpenters, &c., 79 N. J. Eq. 150; Forstmann & Huffman Co. v. United Front Committee, &c., 99 N. J. Eq. 696.* If the suit be *in personam,* it is not "begun" until service of subpœna. *Lehigh Valley Railroad Co. v. Andrus, 91 N. J. Eq. 225; affirmed, 92 N. J. Eq. 238.* In that case the court could not acquire jurisdiction over the person by publication. But where the suit is *in rem, and* the court has jurisdiction of the *res,* the suit is regarded as begun upon the filing of the bill, issue of subpœna, and the making of a *bona fide* attempt to serve it. *Delaware River Quarry, &c., Co. v. Board of Chosen Freeholders of Mercer County, 88 N. J. Eq. 506; Fitch v. Smith, 10 Paige (N. Y.) 9; McGraw-Hill Publishing Co., Inc., v. Sloan & Chace, Inc., 104 N. J. Eq. 120; affirmed, 105 N. J. Eq. 588; Hermann v. Mexican Petroleum Corp., 85 N. J. Eq. 367, 371.* In some cases of this class the court goes on farther than to say that subpœna must have issued. *M. Haupt Co. v. Board of Education of Edgewater (Court of Errors and Appeals), 87 N. J. Eq. 362; Crawford v. Township of Maplewood, 105 N. J. Eq. 416; Malba Terrace Co. v. Portaupeck Properties, Ibid 453.*

The case at bar meets the more exacting of these tests. An examination of the file shows that the bill was filed June 5th, 1926, and subpœna issued June 7th, 1926. It was re-

turned July 30th, 1926, served on several resident defendants not including the cemetery corporation, and with an affidavit of the sheriff of Passaic county (wherein the cemetery property is situate), that "he has inquired for West Ridgelawn Cemetery, a corp[oration]" and certain other defendants not material for present purposes, "named in the annexed process, for the purpose of serving them therewith, and has not been able to find them in his county, and this deponent is credibly informed and verily believe that the said West Ridgelawn Cemetery, a corp[oration] Adam Frank," &c., "cannot be found in this county or state." It will be observed that a late return day was fixed, no doubt with the hope of making service. But the corporation organized under the Cemetery act (*Comp. Stat. p. 373*) differed from a business corporation in that its certificate of organization was not required to be filed with the secretary of state, no principal office had to be designated, no registered agent appointed. All that was needed to organize was what will be found in sections 1 and 2 of the Cemetery act, *ubi supra,* and to record the proper certificate in the county clerk's office; whereupon, "the association mentioned therein shall be deemed legally incorporated, and shall have and possess all the general powers and privileges of a corporation," section 3. As the vice-chancellor expressed it, the subpœna "was returned *non est* because West Ridgelawn Cemetery was in Frank's control, and he and all his dummy trustees were residents of New York and service could not be made." So it is entirely clear in the first instance that subpœna was issued, and that a *bona fide* attempt was made to serve it.

Normally, in a suit of this kind, where there are absent defendants, the next step would be to take out an order of publication and mailing notice to absent defendants or service outside the state, and that rule applied in this case. The directors and president, on whom service would naturally be made (*P. L. 1907 p. 76*), were non-residents; there was no designated "agent or other officer thereof" as contemplated in that statute, in New Jersey, so that the corporation, though a creature of this state, was an "absent defendant" in the sense

intended by section 12 of the Chancery act of 1902. *Comp. Stat. p. 414.* Consequently an order of publication was the proper action to take. Apparently no such order was made, and it is urged that the failure to take it out is satisfactory evidence that the original attempt to serve the subpœna was not *bona fide.* But we do not take that view of the matter. The fact that the suit was "suffered to lie without substantial prosecution for [over] one year" (chancery rule 193) might perhaps have led to dismissal on motion, but no such motion was made, and perhaps Mr. Frank and his associates knew the suit was pending but were too cautious to risk the results of a general appearance for the purpose of making such a motion. However this may be, the taking out of a second subpœna in 1929 and service thereof when such service could be made, and was made, show that the suit was not abandoned, and go far, in themselves, to negative the suggestion that the original subpœna and the attempt to serve it were not in good faith.

We conclude, then, that the vice-chancellor was clearly right on the first point decided by him; and that being so, it becomes unnecessary to deal with other phases of the case. This disposes of the only point argued or briefed on this appeal, viz., that the mortgage is barred by limitation.

The decree will be affirmed, with costs.

*For affirmance*—THE CHANCELLOR, TRENCHARD, PARKER, LLOYD, CASE, BODINE, DONGES, BROGAN, VAN BUSKIRK, KAYS, DEAR, WELLS, KERNEY, JJ. 13.

*For reversal*—None.