## In re DISTILLERS FACTORS CORPORATION.
### No. 574–49.

United States District Court
D. New Jersey.
June 29, 1950.

Max L. Rosenstein, Newark, N. J., for debtor.

Kasen, Schnitzer & Kasen, Newark, N. J., for receiver.

MEANEY, District Judge.

The question presented in this review is whether the Bankruptcy Court has the power to require a receiver appointed by a state court more than four months prior to the institution of a Chapter XI proceeding, to turn over to the receiver in the Chapter XI proceeding books and records of the debtor. The referee held that section 2,

subd. a(21) of the Bankruptcy Act, 11 U.S.C.A. § 11, subd. a(21),[1] limited the power of the court to enter such an order. Atlanta Flooring & Insulation Co. v. Oberdorfer Ins. Agency, 5 Cir., 1943, 136 F.2d 457; Yoshinuma v. Oberdorfer Ins. Agency, 5 Cir., 1943, 136 F.2d 460. See also: Metcalf v. Barker, 1902, 187 U.S. 165, 23 S.Ct. 67, 47 L.Ed. 122; 1 Collier on Bankruptcy, 14th Ed., par. 2.78.

The suggestion is now made that the provisions of the New Jersey Corporation Act, under which the state court proceedings were held, are tantamount to bankruptcy legislation and are suspended by the Bankruptcy Act, thus rendering the proceedings in the state court void and the receiver amenable to a turnover order.

■ The New Jersey Corporation Act, of which this court takes judicial notice, N.J.S.A. 14:14–3, provides: "When any corporation shall become insolvent or shall suspend its ordinary business for want of funds to carry on the same, or if its business has been and is being conducted at a great loss and greatly prejudicial to the interest of its creditors or stockholders, any creditor, or any stockholder who owns at least ten per cent of the capital stock of the corporation, may, by petition or bill of complaint setting forth the facts and circumstances of the case, apply to the court of chancery for an injunction and the appointment of a receiver or receivers or trustees."

The receiver is granted power to take possession of all property, books and records, to sell property, and to dispose of the proceeds under the direction of the court. He is also empowered to settle claims and allow set-offs. N.J.S.A. 14:14–7. The corporation is divested of title to all its property and franchises and title is vested in the receiver. N.J.S.A. 14:14–9. The court may make a decree dissolving the corporation and declaring its charter forfeited and void unless a reconveyance of remaining assets to the corporation is directed. N.J.S.A. 14:14–10. Classification of creditors is provided for and the order of payment of claims is prescribed. N.J.S.A. 14:14–23. The test of insolvency under the New Jersey Corporation Act has been defined as the inability to meet pecuniary liabilities as they mature by available assets or honest use of credit. Walser v. Northern Valley Bldg. Corp., N.J., E. & App.1929, 147 A. 494. This is substantially the same test prescribed in Chapter XI under which the present proceedings have been instituted. Section 323 of the Bankruptcy Act, 11 U.S.C.A. § 723, requires that "A petition filed under this chapter shall state that the debtor is insolvent or unable to pay his debts as they mature, * * *".

■ The decisions of the New Jersey courts with reference to the Corporation Act indicate that its purpose is to protect the public at large from imposition and to promote and secure the general interest of stockholders and creditors. Garr v. Kelly-Springfield Tire Co., Ct.Ch.1934, 117 N.J. Eq. 352, 176 A. 85. A brief review of these decisions may be pertinent at this point. The proceedings have been held to be in the nature of equitable quo warranto designed to destroy the corporate existence. Smith v. Washington Casualty Ins. Co., Ct.Ch. 1932, 110 N.J.Eq. 122, 159 A. 510; Laredef Corporation v. Federal Seaboard Terra Cotta Corporation, Ct.Ch.1942, 131 N.J.Eq. 368, 25 A.2d 433. It has been said in some New Jersey decisions that the statute is essentially a Bankruptcy Act. Butler v. Commonwealth Tobacco Co., E. & App.1908, 74 N.J.Eq. 423, 70 A. 319; Bloch v. Bell Furniture Co., E. & App.1932, 111 N.J.Eq. 551, 162 A. 414, 84 A.L.R. 885; Grobholz v. Merdel Mortgage Investment Co., E. & App.1934, 115 N.J.Eq. 411, 170 A. 815;

---

1. The pertinent language of section 2, subd. a(21), 11 U.S.C.A. § 11, subd. a (21), is as follows: "Require receivers or trustees appointed in proceedings not under this title, * * * to deliver the property in their possession or under their control to the receiver or trustee appointed under this title * * * Provided, however, That such delivery and accounting shall not be required, except in proceedings under chapters 10 and 12 of this title, if the receiver or trustee was appointed * * * more than four months prior to the date of bankruptcy. * * * "

798

Bucsi v. Longworth Bldg. & Loan Ass'n, E. & App.1937, 119 N.J.L. 120, 194 A. 857. However, an examination of these cases is suggestive that these statements were made in considering whether the doctrines relating to distribution of assets prevailing in bankruptcy law were to be applied in these cases. And in Singer v. National Bedstead Mfg. Co.. Ct.Ch.1903, 65 N.J.Eq. 290, 55 A. 868, the court said that the statute was not superseded by the Bankruptcy Act. See also: Brown v. Allebach, C.C.Pa.1907, 156 F. 697. But as this court sees it, the solution of the difficulty is found, not in any of these pronouncements, but in the conclusions to be drawn from pertinent congressional enactment.

■■■■ As here applied, it seems clear that the New Jersey Corporation Act operates in the field occupied by the Bankruptcy Act, International Shoe Co. v. Pinkus, 278 U.S. 261, 49 S.Ct. 108, 73 L.Ed. 318; First National Bank in Albuquerque v. Robinson, 10 Cir., 1939, 107 F.2d 50; In re Weedman Stave Co., D.C.Ark.1912, 199 F. 948, and when properly invoked the jurisdiction of the Bankruptcy Court is of course paramount. In re Watts & Sachs, 190 U.S. 1, 27, 23 S.Ct. 718, 47 L.Ed. 933. However, it does not necessarily follow that the proceedings are superseded in a case where the four-month period has elapsed. By the enactment of § 2 a(21) of the Bankruptcy Act, Congress has provided the manner in which supersession is to be accomplished. The proviso that delivery and accounting shall not be required if the receiver was appointed more than four months prior to the date when the petition was filed, carries with it certain indefectible implications. While the State Corporation Act is in reality essentially a bankruptcy act, Congress has provided no means of implementing supersession after a four-month period. Hence it must be inferred that after lapse of such a period of time, Congress left this field of operation to the state courts. The situation is analogous to that which obtained in the intervals when no Federal Bankruptcy Act was in force, the State Insolvency Acts controlling. In the circumstances here presented the court holds that the proceedings in the state court, under the New Jersey Corporation Act, are not superseded by these proceedings under Chapter XI of the Bankruptcy Act.

The determination of the referee will be affirmed. It follows from the court's holding that the books, records and property of the debtor corporation are properly in the control of the receiver appointed by the state court. Retention of jurisdiction under these circumstances would be confusing and detrimental to the best interest of creditors and others involved in the proceedings. Accordingly, the petition will be dismissed. An order may be submitted in conformity with this opinion.